## 29115. HAUSE v. THE STATE.

DECIDED SEPTEMBER 12, 1941.

*James H. Dodgen,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Daniel Duke, Durwood T. Pye,* contra.

BROYLES, C. J. James R. Hause was convicted in the criminal court of Fulton County of the offense of abandonment. His certiorari was overruled and he excepted to that judgment.

On the trial of the case the prosecution offered as a witness Mrs. Worsham, the mother of the defendant's wife. On her cross-examination she denied having signed a certain affidavit in the ordinary's office in Cobb County, Georgia. Counsel for the defendant then offered for evidence a certified copy of the affidavit (which apparently was signed by her) and stated that it was for the purpose of impeaching the witness. The court held that the document was inadmissible, and that ruling is assigned as error. We think the document was admissible for what it was worth, as tending to impeach the witness, and that its exclusion from the evidence was error.

The defendant put up a witness, O. T. Baxley, in an attempt to prove by him that he and Mrs. Hause had had improper relations, and, five days after defendant's marriage had been arrested in Marietta, Georgia, for fornication and adultery, the defendant contending that he (Hause) was not the father of his wife's child. The witness refused to testify that he had had improper relations with Mrs. Hause, and refused to say whether she was the woman arrested with him in Marietta, and denied that he had told counsel for the defense otherwise. Counsel for the defense then stated to the court that he had been entrapped by the witness, and offered evidence to impeach him by showing previous contradictory statements of the witness made by him directly to said counsel. The court ruled that the defendant could not impeach his own witness. This ruling was error. A defendant in a criminal case can impeach a witness voluntarily called by him, where he can show to the court that he has been entrapped by the witness by a previous con-

tradictory statement made directly to defendant or to his counsel. Code, § 38-1801; *Burns* v. *State,* 20 *Ga. App.* 77 (2) (92 S. E. 548) ; *Carter* v. *State,* 17 *Ga. App.* 244 (86 S. E. 413) ; *Wilbanks* v. *State,* 41 *Ga. App.* 268, 271 (152 S. E. 619).

The remaining assignments of error are not argued or insisted on in the brief of counsel for plaintiff in error, and therefore are treated as abandoned. The overruling of the certiorari was error.

*Judgment reversed.* . *MacIntyre and Gardner, JJ., concur.*