## 25878. MALLIN v. MALLIN.

ARGUED JUNE 9, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,*
for appellant.

*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., C. Wilbur Warner, Jr.,* for appellee.

MOBLEY, Presiding Justice. The appellee (wife) brought an action in 1965 against the appellant, her former husband, to modify an alimony award made in a divorce decree entered in July, 1963. The case was tried before a jury in December, 1969. At the close of the evidence the appellant made a motion for directed verdict, which was denied.

The jury returned a verdict increasing the alimony payments. The appellant made a motion for judgment notwithstanding the verdict, which was denied. He appealed to this court from the orders denying the motions for directed verdict and for judgment notwithstanding the verdict. He enumerated as error the denial of these motions and the entry of the judgment on the jury verdict.

The court is authorized to modify a permanent alimony decree only where there is evidence sufficient to show that "there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment." Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-221).

After a very careful study and review of the evidence in this case, we must conclude that the appellee failed to carry the burden of proof. It is impossible to determine from the evidence what the income and financial status of the appellant was at the time of the divorce and award of permanent alimony, or

at the time of the trial and entry of the judgment appealed from by the appellant.

The appellant unquestionably had extensive financial holdings at the time of the divorce, and also at the time of the trial. However, the appellee was unable to produce the evidence necessary to show what, if any, change in his income or financial status had occurred. The appellant did not testify in the trial of the case. His deposition was taken by the appellee on November 7, 1966, and was read in evidence; and his tax returns were introduced in evidence by the appellee. Neither revealed evidence of value in determining his financial status. Counsel for the appellee served a notice to produce numerous documents, to which the appellant filed a motion to quash. The court ordered him to produce certain of the documents, which he refused to do on the ground that to obey the order would compel him to produce evidence which might tend to incriminate him, contrary to the Fifth Amendment of the United States Constitution, Art. I, Sec. I, Par. VI of the Georgia Constitution (*Code Ann.* § 2-106), and *Code* § 38-1205, which provides: "No party shall be required to testify as to any matter which may criminate or tend to criminate himself, or which shall tend to work a forfeiture of his estate, or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family."

It is obvious that the true facts have not come out in this case. The appellant, who has the facts, has prevented the true facts being known by invoking the Fifth Amendment (which he has a constitutional right to do). This court feels that the appellee should have an opportunity to establish these facts by other means.

While the appeal is from orders denying motions for a directed verdict and judgment notwithstanding the verdict, a new trial is granted in this case under authority of Ga. L. 1966, pp. 609, 656; Ga. L. 1967, pp. 226, 237; 246, 248 (*Code Ann.* § 81A-150 (d)), which provides: "If the motion for judgment notwithstanding the verdict is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling him to a new trial in the event the appellate court concludes that the trial court erred

in denying the motion for judgment notwithstanding the verdict. If the appellate court reverses the judgment, nothing in this section precludes it from determining that the appellee is entitled to a new trial or from directing the trial court to determine whether a new trial shall be granted."

Accordingly, the judgment of the trial court making the verdict of the jury the judgment of the court is reversed, and a new trial is ordered.

*Judgment reversed with direction. All the Justices concur.*