123 Ga. App. 337 (1971)
180 S.E.2d 913
INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY
v.
WILMONT.
45878.
Court of Appeals of Georgia.
Submitted January 8, 1971.
Decided February 17, 1971.
William A. Ingram, for appellant.
White & Crane, Jere F. White, for appellee.
*342 EVANS, Judge.
1. While the petitioner under a special accident insurance policy has the burden of showing the insured sustained bodily injuries solely through violent, external, accidental means, which resulted directly and independently of all other causes in the death of the insured within the terms of the policy, yet the petitioner does not assume the burden of submitting evidence to negate an exclusion in the policy. Hartford Acc. Ins. Co. v. Hulsey, 109 Ga. App. 169 (2) (135 SE2d 494). Where the insurer seeks to invoke an exclusion contained in its policy, it has the burden of proving the facts come within the exclusion. Gaynor v. Travelers Ins. Co., 12 Ga. App. 601 (5) (77 SE 1072); Darby v. Interstate Life &c. Ins. Co., 107 Ga. App. 409 (1) (130 SE2d 360).
2. Where the only factor known is that the insured died as a result of violent and external injuries such as gunshot wounds, the cause is presumed accidental until the contrary is shown. Gaynor v. Travelers Ins. Co., 12 Ga. App. 601 (6), supra; New York Life Ins. Co. v. King, 28 Ga. App. 607 (112 SE 383); Continental Assurance Co. v. Rothell, 121 Ga. App. 868 (3) (176 SE2d 259).
3. A certified copy of a death certificate properly filed is no longer prima facie evidence of the facts stated therein, and where the facts contained therein are shown to result from statements made by others, they amount to hearsay. Under the present *338 law a certified copy of a duly filed death certificate is allowed in evidence only for the purpose for which it was intended, that is, to show that the person named therein is no longer in life. New Health Code, Ga. L. 1964, p. 499 et seq. (repeals Ga. L. 1945, pp. 236, 242; Code Ann. § 88-1118).
4. Where a witness testifies under oath that his answer to any question asked of him would incriminate him and comes within the constitutional immunities guaranteed to him, the court can demand no further testimony of the fact. Fifth Amendment, U. S. Constitution (Code § 1-805); Constitution of 1945 (Code Ann § 2-106); Code §§ 38-1102, 38-1205; Empire Life Ins. Co. v. Einstein, 12 Ga. App. 380, 384 (77 SE 209); Bishop v. Bishop, 157 Ga. 408 (121 SE 305); Ga. R. & Bkg. Co. v. Lybrend, 99 Ga. 421 (5) (27 SE 794); Bass v. Bass, 222 Ga. 378, 384 (149 SE2d 818).
5. Entrapment refers to the right of a party to impeach his own witness where he testifies to matters which are contradictory to statements previously made, authorizing a thorough and sifting cross examination of the party's own witness. Code Ann. § 38-1801. When defendant's counsel pleaded entrapment, the court first ruled that he would allow counsel to cross examine his witness because the witness had told counsel before trial that he had shot the deceased; but when called upon to testify he availed himself under oath of the constitutional privilege of refusing to answer on the ground that to answer might tend to incriminate him. Thereafter counsel attempted to cross examine the witness as to what this witness told counsel, about the circumstances surrounding this matter, and objection of opposing counsel thereto was sustained. The court erred in refusing to allow a thorough and sifting cross examination of the witness as to the entrapment. See Piedmont Operating Co. v. Cummings, 40 Ga. App. 397 (6) (149 SE 814); Hause v. State, 65 Ga. App. 765, 766 (16 SE2d 520). Thereafter, counsel for appellant moved to re-open the evidence and for a postponement until the next day in order to obtain another witness or witnesses who were present at the time the deceased was shot. In support of such motion counsel urged that previously he had known of only one witness as to the actual shooting, and that he had *339 been entrapped by that witness, who reneged on his promise to testify, but who, on cross examination, told of other witnesses who were present at the shooting, and counsel needed additional time in which to get other witnesses to testify in the case, none of whom he knew about until that morning. The court overruled this motion. Where a party has been, honestly and without indiscretion on his part, misled by a witness to rely on his giving testimony and has thereby been kept from summoning other witnesses who would testify to the same point, but whose testimony would not be needed if the misleading witness had not testified contrary to expectations (or had hidden behind his constitutional privilege to do so, such as here) it is error not to grant a continuance. See Wilson v. Brandon, 8 Ga. 136; Williams v. Fambro, 30 Ga. 232; Maynard v. Cleveland, 76 Ga. 52 (1, 2); Ryder v. State, 100 Ga. 528 (1, 2, 3) (28 SE 246, 38 LRA 721, 62 ASR 334); Leverett v. Tift, 6 Ga. App. 90 (64 SE 317). Accordingly, the court abused its discretion in not reopening and granting the motion which was that the case be "continued until tomorrow." The enumerations of error complaining of the above are meritorious, requiring a new trial. Compare Mallin v. Mallin, 226 Ga. 628 (176 SE2d 709).
6. The stipulation here was that the insured died of gunshot wounds. The circumstantial evidence points toward human agency as causing the firing of a gun. However, there was no direct evidence that any person or persons fired the gun, wounding the deceased. The evidence was sufficient to support the verdict. However, for reasons stated in Headnote 5 above, a new trial will be necessary.
Judgment reversed. Jordan, P. J., and Quillian, J., concur.