26567.   MALLIN v. MALLIN.

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971—
REHEARING DENIED JULY 30, 1971.

*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., P. Joseph McGee,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the denial of a motion to require the defendant to answer interrogatories, and to hold him in contempt for failure to answer interrogatories. The trial judge certified the case for immediate review.

In an action by Mrs. Zenobia E. Mallin against her former husband, Stanley A. Mallin, for modification of an alimony award, the plaintiff filed interrogatories directed to the defendant. He declined to answer questions 3 through 37, on the ground that to do so might tend to incriminate him, claiming immunity under the Fifth Amendment to the Constitution of the United States (*Code*

§ 1-805) and *Code* § 38-1205. The trial judge held that the defendant had the constitutional right to refuse to answer the questions.

1. The plaintiff (appellant) contends that the trial judge failed to determine whether or not the refusal of the defendant to answer certain interrogatories was well taken. In support of this contention she relies on language from the court's order wherein the court stated that "the determination of whether or not such an answer might tend to criminate the defendant is a matter that he alone can determine," and cited the decision of this court on a previous appearance of the case, *Mallin v. Mallin,* 226 Ga. 628 (176 SE2d 709), and *Bass·v. Bass,* 222 Ga. 378 (149 SE2d 818).

In *Mallin v. Mallin,* 226 Ga. 628, supra, at page 629, this court commented on the defendant's refusal to produce evidence at a former trial on the ground that it might tend to incriminate him, and stated that he had a constitutional right to thus refuse to produce evidence.

In *Bass v. Bass,* 222 Ga. 378, 385, supra, this court quoted from *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 384 (77 SE 209), where the Court of Appeals quoted an excerpt from a ruling made in the trial of Aaron Burr (Fed. Cas. No. 14, 692 e), as follows: "When a question is propounded, it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege which is secured to him by law. If a direct answer to it may criminate himself, then he must be the sole judge what his answer would be. The court can not participate with him in this judgment, because they can not decide on the effect of his answer without knowing what it would be; and a disclosure of that fact to the judges would strip him of the privileges which the law allows, and which he claims. It follows necessarily, then, from this state of things, that if the question be of such a description that the answer to it may or may not criminate the witness, according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not. If, in such a case, he say, upon oath, that his answer would criminate himself, the court can demand no other testimony of the fact."

The language of the judge's order in the present case does not

show, unmistakably, that he first made a determination that the answers *could* incriminate the defendant, before leaving the decision to the defendant as to whether they *might* tend to incriminate him. However, it would be useless to return the case for such a determination, if the judge correctly ruled that the answers *might* tend to incriminate the defendant, which we hereafter hold.

2. It is argued by the plaintiff that the answers to the questions in the interrogatories will in no way tend to incriminate the defendant, and that the court should have required him to answer them.

The questions sought extensive information concerning the property now, or formerly, owned by the defendant; the income he has received from various holdings; the loans made by him; the source of his income; the place of safekeeping of his valuable papers, and an itemized inventory of all his valuable items in such place of safekeeping and elsewhere; his accounts in banks or other institutions, and the source of each deposit; all transfers of cash or other property made by him since July 1, 1963; trusts created by him, or for which he is trustee or beneficiary; any property received by him as heir or devisee; any estate for which he is executor or administrator; any power of appointment, disposition, or attorney held by him; all policies of life insurance. or other policies which name him as the principal insured; any loans obtained by him; financial statements given by him; and income tax returns made by him to the Internal Revenue Service for the years 1963 through 1970.

The opinion of the Supreme Court of the United States in Murphy v. Waterfront Commission, 378 U. S. 52 (84 SC 1594, 12 LE2d 678), contains a brief history of the privilege against self-incrimination. That case holds that a witness in a state court can claim the privilege against self-incrimination as to matters which might tend to imcriminate him under either state or federal law.

In the present case we can not say that answers to the extensive questions concerning the defendant's financial resources and dealings might not tend to incriminate him in any matter, under either state or federal law, and the trial judge did not err in allowing the defendant to determine whether answers to the interrogatories might tend to incriminate him.

3. The plaintiff contends that, even if this court should find that the disclosure of the defendant's financial status may tend to incriminate him, on a former trial of the case the defendant waived his privilege by the production of tax returns and giving testimony concerning his financial status and income, and he cannot now avoid the disclosure of further details by claiming his privilege against self-incrimination.

On a second trial a party may decline to give evidence which would tend to incriminate him, notwithstanding the fact that at a previous trial of the case he waived his privilege of remaining silent as to these matters. *Ga. R. & Bkg. Co. v. Lybrend,* 99 Ga. 421 (5) (27 SE 794); *Bass v. Bass,* 222 Ga. 378, 385, supra.

The trial judge did not err in refusing to require the defendant to answer the interrogatories, or in refusing to hold him in contempt for declining to answer them.

*Judgment affirmed. All the Justices concur.*