47480. PRINCE & PAUL v. DON MITCHELL'S WLAQ, INC. et al.

HALL, Presiding Judge. Plaintiff in fi. fa. appeals from the grant of a protective order to the individual defendant in fi. fa. who had refused to answer post-judgment interrogatories on the ground that they might tend to incriminate him. (This order was also a tacit overruling of plaintiff's motion to compel answers).

1. The motion to dismiss is denied. As designated in the original action, the name of the party plaintiff imports a partnership. By failing to raise the issue of legal existence or capacity by specific negative averment any time before judgment, the defendant waived his objection. *Code Ann.* § 81A-109 (a); *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322 (31 SE2d 648); *Haynes v. Armour Fertilizing Works,* 146 Ga. 832 (92 SE 648); 2A Moore's Federal Practice (2d Ed.) 1915, § 9.02.

2. The four pages of interrogatories deal with the defendant's property and financial transactions. They are clearly designed to locate assets upon which an execution may be had. The defendant accompanied his motion with a statement that when required by law in certain transactions, he had made certain financial "disclosures and non-disclosures." The implication is that they were false or misleading.

We agree with plaintiff's basic premises: that the protection of the Fifth Amendment and *Code* § 38-1205 can only be invoked when there is a substantial and real danger of incrimination; that the mere say-so of the witness does not establish this; that he must show he has reasonable cause to apprehend danger of incrimination from the answer; and the court must first determine whether there is a proper basis for invoking the privilege.

Plaintiff contends, however, that the defendant's bare statement of having made financial disclosures is completely insufficient to show that answers to any particular interrogatory could tend to incriminate him; and that the trial court abdicated its responsibility by issuing the order without first making this determination. With this we cannot agree. The court's order reflects that it applied the authority of *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377). To us as well, that case apparently holds that extensive questioning concerning financial affairs might tend to incriminate a person *as a matter of law.* In other words, in the particular situation of financial affairs, only the defendant or witness can weigh the effect. There is nothing factual for the trial court to determine.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED SEPTEMBER 12, 1972—DECIDED OCTOBER 18, 1972—REHEARING DENIED NOVEMBER 3, 1972—

*Fine & Block, Sturgis Bates,* for appellant.
*Stanley Nylen,* for appellees.