## 49147. BUSBY et al v. CITIZENS BANK OF HAPEVILLE.

PANNELL, Judge.

This is an appeal from an order holding appellants, defendants in fi. fa., in contempt of court for failing to answer post judgment interrogatories. The interrogatories, separately posed for each appellant sought detailed information as to all types of property owned by the defendant, the interest therein of all persons in possession, and the value thereof; the names, etc., of all persons indebted to defendant with detailed information as to these debts; detailed information as to all checking and savings accounts, all sources of income,

including investments, including detailed information as to the dates and persons from whom received; also detailed information on all expenditures, disbursements and transfers of money or anything of value during the past three months, including names and addresses of persons involved. Separate answers were made by the appellants to the interrogatories refusing to answer "on the grounds that to answer the interrogatories might tend to incriminate me." These answers were sworn to and copies served upon the opposing counsel within the time required for answering, but were not actually filed until some time later. A short time, thereafter, on August 15, 1973, motion was made to compel answers to the interrogatories, and at a hearing thereon, and on September 12, 1973, after argument of counsel, the appellants were ordered "to completely, fully and truthfully answer each interrogatory and file the same with the clerk on or before the 27th day of September, 1973." Instead of complying with this order, the defendants filed the answers which they had already served upon opposing counsel and then later filed an amendment to the sworn answers to the interrogatories setting up an additional ground for refusing to answer to-wit: "On the ground that to answer said interrogatories might tend to work a forfeiture of my estate." Plaintiff, thereupon, sought a rule for contempt.

At the hearing on the rule for contempt, the trial court held the defendant-appellants in contempt on the theory that a duty rested on the appellants to disclose or offer proof that a direct answer to the interrogatories would tend to incriminate them, relying primarily upon *Prince & Paul v. Don Mitchell's WLAQ, Inc.*, 127 Ga. App. 502 (194 SE2d 269), which contains the following statement: "We agree with plaintiff's basic premises: that the protection of the Fifth Amendment and Code § 38-1205 can only be invoked when there is a substantial and real danger of incrimination; that the mere say-so of the witness does not establish this; that he must show he has reasonable cause to apprehend danger of incrimination from the answer; and the court must first determine whether there is a proper basis for invoking the privilege." The defendants in fi. fa. appealed. *Held:*

The trial judge was in error. We find no case which supports the conclusions quoted above from the *Prince & Paul* case, and that case cites none. On the contrary, the Supreme Court of this state in *Bass v. Bass,* 222 Ga. 378, 385 (149 SE2d 818) said: "For the trial judge to have permitted inquiry in open court, or even in the presence of counsel, concerning the circumstances of the occurrence in question in order to ascertain whether answers to the questions would tend either to incriminate the witnesses or hold them and their families up to infamy, disgrace or public contempt would have deprived them of the protection of the constitutional guarantees and the benefit of the previously quoted statute." The statute referred to was Code § 38-1205, which provides that "No party shall be required to testify as to any matter which may criminate or tend to criminate himself, or which shall tend to work a forfeiture of his estate, or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family." In the *Prince & Paul* case, quoted from above, the plaintiff in fi. fa. appealed from the grant of a protective order to the individual defendants who had refused to answer post judgment interrogatories on the ground that they might tend to incriminate. We quote the further holding in that case in full: "Plaintiff contends, however, that the defendant's bare statement of having made financial disclosures is completely insufficient to show that answers to any particular interrogatory could tend to incriminate him; and that the trial court abdicated its responsibility by issuing the order without first making this determination. With this we cannot agree. The court's order reflects that it applied the authority of *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377). To us as well, that case apparently holds that extensive questioning concerning financial affairs might tend to incriminate a person *as a matter of law.* In other words, in the particular situation of financial affairs, only the defendant or witness can weigh the effect. There is nothing factual for the trial court to determine." (Emphasis supplied.)

We agree with this determination and hold that the interrogatories in the present case show as a matter of

law that they can or may be incriminating as to the answers thereto. That being so, only the witness can weigh the effect. There is nothing for the trial judge to determine. See, *Townsend v. Northcutt,* 121 Ga. App. 230 (173 SE2d 470) involving a similar series of questions as those involved here, and in which this court upheld the trial judge in refusing to compel answers under the same claim of constitutional privilege here claimed, although no disclosure or proof was offered by defendant or anyone else that the answers to the interrogatories could or might incriminate the witness. See in connection with the subject matter here involved, the following cases: *Bishop v. Bishop,* 157 Ga. 408 (121 SE 305); *Marshall v. Riley,* 7 Ga. 367; *Georgia R. &c. Co. v. Lybrend,* 99 Ga. 421 (27 SE 794); *Calhoun v. State,* 144 Ga. 679 (87 SE 893); *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 383 (77 SE 209); *Mallin v. Mallin,* 227 Ga. 833, supra.

*Judgment reversed. Eberhardt, P. J., concurs. Evans, J., concurs specially.*

ARGUED MARCH 6, 1974 — DECIDED MAY 7, 1974.

*Levine, D'Alessio & Cohn, Thomas E. Raines,* for appellants.

*Stephen F. Carley,* for appellee.

EVANS, Judge, concurring specially.

I concur with the results reached by the majority, but not with all of the opinion.

A witness, whether in discovery proceedings or on the witness stand in court, has the right to determine for himself, unaided by the court, whether the answer to any particular question may tend to incriminate him and he may refuse to answer for that reason.

Yet the majority opinion in this case, *without disapproving thereof,* cites the case of *Prince & Paul v. Don Mitchell's WLAQ, Inc.,* 127 Ga. App. 502 (194 SE2d 269), in which case certain holdings therein are diametrically opposed to the holding in the case sub judice. I believe we should deal with that case forthwith and overrule it. At page 503 the *Prince & Paul* decision

holds: "We agree with plaintiff's basic premises: that the protection of the Fifth Amendment and Code § 38-1205 can only be invoked when there is a substantial and real danger of incrimination; *that the mere say-so of the witness does not establish this;* that he must show he has reasonable cause to apprehend danger of incrimination from the answer; *and the court must first determine whether there is a proper basis for invoking the privilege."* (Emphasis supplied.) This is absolutely contrary to my understanding and interpretation of the law. It is my contention that the witness, not the judge, determines whether the question poses danger of incrimination; and that *the mere say-so of the witness* is all that is required to prevent his examination on that point.

In *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 383 (2) (77 SE 209), this court holds: ". . . for when a witness claims his privilege upon the ground that he may incriminate himself by answering the questions propounded to him, he at last, and not the court, must determine whether the information given by his response to the question will have the effect of jeopardizing his liberty by tending to show his guilt of crime."(Emphasis supplied.)

In *Interstate Life &c. Co. v. Wilmont,* 123 Ga. App. 337, 338 (4) (180 SE2d 913), this court holds: "Where a witness testifies under oath that his answer to any question asked of him would incriminate him and comes within the constitutional immunities guaranteed to him, the court can demand no further testimony of the fact. Fifth Amendment, U.S. Constitution (Code § 1-805); Constitution of 1945 (Code Ann. § 2-106); Code §§ 38-1102, 38-1205; *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 384 (77 SE 209); *Bishop v. Bishop,* 157 Ga. 408 (121 SE 305); *Ga. R. & Bkg. Co. v. Lybrend,* 99 Ga. 421 (5) (27 SE 794); *Bass v. Bass,* 222 Ga. 378, 384 (149 SE2d 818)."

In *Georgia R. &c. Co. v. Lybrend,* 99 Ga. 421-422 (5), supra, and at page 440, where a witness had testified to certain matters at the first trial, and at the second trial elected to remain silent as to those same matters upon the ground that the evidence might incriminate him, it was held that the witness alone should determine whether to answer, in the following language: *"These*

*were matters for himself alone to determine.* The privilege is in highest degree personal, and is a sacred one which the courts should jealously guard." (Emphasis supplied.)

In *Bishop v. Bishop*, 157 Ga. 408, 410, supra, in a specially concurring opinion, Justice Russell quotes language of the Chief Justice of the United States in the Aaron Burr case, cited by him in *Empire Life Ins. Co. v. Einstein*, 12 Ga. App. 380, 384, supra, as follows: "It follows necessarily, then, from this state of things, that if the question be of such a description that the answer to it may or may not incriminate the witness, according to the purport of that answer, *it must rest with himself, who alone can tell what it would be, to answer the question or not.* If, in such a case, he says, upon oath, that his answer would incriminate himself, *the court can demand no other testimony of the fact.*" (Emphasis supplied.)

I repeat that the *Prince & Paul* case should be overruled.

On the subject of limitation of evidence on various questions, it may be observed that Georgia's statutes are more restrictive and afford more protection than does the Fifth Amendment to the Constitution of the United States. For study on this question, including confidential and privileged matters see the following Code sections, to wit: Code §§ 2-106; 38-417; 38-419; 38-1102; 38-1711; 38-1205; 38-1605; 38-1711.