**FIRST FEDERAL SAVINGS AND LOAN ASS'N OF ROCHESTER, NEW YORK**

v.

**Dr. William R. FISHER et al.**

Civ. A. No. C 75–789 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 2, 1976.

Alfred G. Adams, Jr., James R. Paulk, Jr., Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff.

D. W. Latimore, Jr., Horton, Crim & Latimore, Robert A. Elsner, Robert L. Coley, Atlanta, Ga., for defendants.

## ORDER

JAMES C. HILL, District Judge.

This action is before the Court on a motion by plaintiff to compel certain post-judgment discovery and on the concomitant motion by defendants for a protective order.

On April 25, 1975, plaintiff filed this action against defendants as guarantors of an indebtedness owed plaintiff by Bolton Road Medical Center, a partnership in which defendants were general partners. On November 6, 1975, judgment was entered by the Clerk in this action against defendants jointly for the sum of $4,600,000.00 and individually in the amount of $920,000.00.

In addition to the guaranty, the indebtedness of the partnership was further secured by a deed to secure debt executed by the partnership and covering the land upon which the medical center is located. During these proceedings, the partnership, but not the individual partners, was proceeding under the provisions of Chapter XII of the Bankruptcy Act in an effort to effect a real estate arrangement with its creditors, including plaintiff. As a result of the automatic stay under Rule 12–43 and supplemental stays entered by the Bankruptcy Court, plaintiff was enjoined from proceeding against the partnership and from exercising its power of sale to effect a non-judicial foreclosure of the property securing the indebtedness.

On December 1, 1975, the Bankruptcy Court vacated the stay enjoining plaintiff from proceeding against the partnership or its property, and on December 2, 1975, plaintiff conducted a non-judicial sale of the partnership property. The amount realized at the sale under power was $3,650,-285.52. On December 30, 1975, plaintiff filed a petition for confirmation of the sale under power in the Superior Court of Fulton County, Georgia. No date has been set by that Court for a hearing on the petition for confirmation.

Pursuant to the provisions of Rule 69 of the Federal Rules of Civil Procedure, plaintiff served each of the defendants with subpoenas ordering them to appear for depositions in aid of execution of the judgment entered against defendants in this proceeding, and further ordering them to produce certain documents in connection with the examination. These depositions were held on February 3, 1976. Defendants appeared for the depositions but refused to produce the documents, instruments, and things identified in the subpoenas, claiming privilege pursuant to Ga.Code Ann. § 38–1205. They further refused to answer substantially all of the questions asked by plaintiff's counsel, again claiming privilege pursuant to Georgia Code Ann. § 38–1205. The privilege asserted was that the production and answers would tend to cause a forfeiture of defendants' estates. No claim that the production and answers would tend to incriminate was asserted.

Defendants raise three arguments in support of their refusal to comply with the post-judgment discovery requests of plaintiff. (1) Plaintiff is not entitled to proceed with discovery prior to confirmation of the sale under power by the Fulton Superior Court; (2) the sale under power has operated to satisfy the judgment against the defendants; and (3) defendants are not required to answer detailed financial questions because of the asserted privilege under Georgia law. The Court finds none of these contentions persuasive and concludes that plaintiff's motion to compel should be granted.

Defendants contend that the foreclosure sale operated to satisfy the entire debt which was secured by both the deed to secure debt and the guaranty of defendants. Defendants merely assert that the property was worth the entire amount of the debt owed in spite of the fact that it did not bring that amount at the sale. The thrust of defendants' argument is that a secured creditor whose debt is secured by a deed to secure debt and a guaranty must elect to pursue either one remedy or the other to collect its unpaid debt. It is precluded from pursuing both remedies in an effort to satisfy the entire debt.

In Georgia, however, a creditor who holds a note secured by a security deed is not required to elect his remedies as to whether to sue upon the note or to execute a power of sale contained in the deed. He may pursue both remedies concurrently until the debt is satisfied. *Oliver v. Slack,* 192 Ga. 7, 14 S.E.2d 593 (1941). Moreover, a sale under power "does not invalidate the remaining obligation." *Turpin v. North American Acceptance Corp.,* 119 Ga.App. 212, 217, 166 S.E.2d 588, 592 (1969). A secured creditor may pursue any number of available remedies until the entire debt is satisfied.

In support of this contention defendants only make the bare contention that the property sold was worth in excess of $7,000,000.00. There is nothing in the record which supports this contention. The Court cannot find that the judgment has been satisfied, and, in absence of such a determination by this Court, plaintiff is entitled, as a matter of law, to executions on the judgment and discovery pursuant to Rule 69.

Ga. Code Ann. § 67–1503 provides a mechanism by which a creditor can enforce a deficiency judgment after the exercise of a power of sale provided for in a deed to secure debt. Defendants contend that until plaintiff has complied with this code section and has the sale confirmed it is prohibited from gaining any further relief on the judgment entered in this action. In other words, defendants contend that plaintiff may not enforce its judgment absent confirmation of the sale under power which occurred subsequent to the entering of the judgment. No authority is cited by defendants in support of this argument.

The Georgia confirmation statutes, Ga. Code Ann. § 67–1503, *et seq.* merely provide that no action may be taken to obtain a deficiency judgment unless the sale under power is confirmed. Here, however, plaintiff does not seek to obtain a deficiency judgment. Rather, plaintiff, prior to foreclosure, exercised its remedy of bringing suit on defendants' guaranty and obtained, prior to foreclosure, a judgment thereon.

Georgia courts have recognized that failure to confirm a sale under power merely prevents a subsequent action to obtain a deficiency judgment. Failure to obtain confirmation of a sale under power "simply renders it impossible for the holder to sue on [the deficiency]." *Turpin v. North American Acceptance Corp., supra.* Such failure does not operate to satisfy the debt or prevent the creditor from pursuing other available remedies. *Powers v. Wren,* 198 Ga. 316, 31 S.E.2d 713 (1944); *Salter v. Bank of Commerce,* 189 Ga. 328, 6 S.E.2d 290 (1930).

In the instant case plaintiff is not seeking to enforce a deficiency judgment. The statute in no way precludes a creditor from exercising other available remedies to satisfy the indebtedness.

Defendants' final contention is based upon the privilege found in Ga. Code Ann. § 38–1205. This code section reads:

No party shall be required to testify as to any matter which may criminate or tend to criminate himself, or which shall tend to work a forfeiture of his estate, or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family.

Defendants bottom their alleged privilege only upon the contention that to proceed with post-judgment discovery may tend to work a forfeiture upon their estates. There is no contention that they are in danger of incriminating themselves. The cases upon which they rely, however, relate only to the incriminating portion of the privilege and the important policy and constitutional implications of that privilege. *See Mallin v. Mallin,* 227 Ga. 833, 183 S.E.2d 377 (1971); *Busby v. Citizens Bank,* 131 Ga.App. 738, 206 S.E.2d 640 (1974); and *Townsend v. Northcutt,* 121 Ga.App. 230, 173 S.E.2d 470 (1970).

On the other hand, Georgia courts have specifically held that § 38–1205, or its predecessor statute, does not protect a person from answering financial questions on post-judgment discovery because such an-

swer may tend to work a forfeiture of a person's estate. *Plunkett v. Hamilton,* 136 Ga. 72, 70 S.E. 781 (1911); *Aldridge v. Mercantile National Bank,* 132 Ga.App. 788, 209 S.E.2d 234 (1974). In *Plunkett,* the Court rejected an argument similar to the one advanced by defendants here on the ground that there would be no forfeiture by law resulting from any answers. It is clear that any forfeiture in the instant case would not result from the answering of the questions or production of documents, but rather, as a result of the judgment already entered by this Court. Any other interpretation of this privilege would make the Georgia post-judgment discovery rules meaningless. Plaintiff may ask any question which seeks information which would lead to any property or holdings of defendants. *Bradley v. Coach & Six Restaurants, Inc.,* 112 Ga.App. 278, 145 S.E.2d 55 (1965).

Accordingly, the Court finds no grounds upon which defendants may refuse to submit themselves to post-judgment discovery directed toward their financial assets. Therefore, plaintiff's motion to compel is GRANTED and defendants' motion for a protective order is DENIED. Defendants should make themselves available for deposing by plaintiff within fifteen (15) days of the date of this order. In addition, they should make available for inspection by plaintiff those documents listed on the subpoenas previously served upon defendants. A ruling upon plaintiff's request for attorney's fees and reasonable expenses pursuant to Rule 37 is reserved.

IT IS SO ORDERED.