## 52403. WYNNE v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted for statutory rape, incest and sodomy in two indictments containing three counts each for these offenses committed upon his stepdaughters. He was convicted on all counts and sentenced to serve 12 years in the penitentiary, four years consecutively as to three counts in one indictment; and nine years on probation, three years consecutively on each count of the other indictment, upon completion of the first sentence. Defendant appeals. *Held:*

1. Defendant was married to the mother of the two girls and had sexual relations, including sexual intercourse and oral sex (sodomy) on numerous occasions (two or three times a week) continuously with his stepdaughters from age 12 and before each female reached 14 years of age. The term "sexual intercourse" was not used by the witnesses to describe every occasion of sexual activity. However, the terms used by the witnesses such as, "have intercourse with me," "sexual relations," "sexual affair," "putting his finger in me," "privates," "private parts," and "pain and bleeding associated with these sexual relations," being sexual relations other than putting his finger in "private parts," was sufficient evidence to establish the acts of sexual intercourse and

incest to the satisfaction of the jury. Acts of sodomy were also sufficiently established by testimony that defendant put his mouth on "private parts" and "vagina." See *Stonaker v. State,* 134 Ga. App. 123 (1) (213 SE2d 506), inasmuch as Division 1 of that opinion was not reversed by *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

2. Slight circumstances may be sufficient corroboration of the crime of rape in addition to the testimony of the female in order to convict. See *Smith v. State,* 161 Ga. 421, 423 (1) (131 SE 163); *Strickland v. State,* 207 Ga. 284, 285 (3) (61 SE2d 118); *Morgan v. State,* 229 Ga. 532 (1) (192 SE2d 338).

Evidence of similar crimes which have a logical connection may be offered in evidence to show plan, scheme, bent of mind and course of conduct. Such evidence has also been recognized as corroboration evidence. See *Overton v. State,* 230 Ga. 830, 834 (4) (199 SE2d 205); *Barkley v. State,* 190 Ga. 641 (2) (10 SE2d 32). The testimony of the two victims thus corroborated the instances of rape as to the other.

One of the victims also told her boyfriend of the incidents. He testified that he confronted the defendant who then made certain admissions to him in regard to the illicit sexual relations with this victim. The other victim testified she had reported the illicit relations to her boyfriend, but he was not offered as a witness.

Ultimately, however, the question of whether the testimony of the female has been corroborated is one solely for the determination of a jury under proper instruction of the court. *Suber v. State,* 176 Ga. 525 (2a) (168 SE 585); *Wright v. State,* 184 Ga. 62, 69 (5) (190 SE 663); *Dorsey v. State,* 204 Ga. 345 (1) (49 SE2d 886); *Strickland v. State,* supra. There was sufficient evidence of corroboration for the jury to determine that the offenses of statutory rape had been corroborated as to each victim.

3. "No party shall be required to testify as to any matter which may criminate or tend to criminate himself, . . . or which shall tend to bring infamy or disgrace or public contempt upon himself or any member of his family." Code § 38-1205. See also Code § 38-1102. This privilege applies also to witnesses. Code § 38-1711. Cases as to crimination of a witness have held that when a

question is propounded it is for the court to consider and decide whether any direct answer to it can implicate the witness; but if a direct answer will criminate the witness, it is for the witness alone to determine whether or not he should testify. If the witness then says under oath that his answer would criminate himself, the "court can demand no other testimony of the fact." See *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 384 (77 SE 209); *Bass v. Bass,* 222 Ga. 378, 385 (149 SE2d 818); *Interstate Life &c. Co. v. Wilmont,* 123 Ga. App. 337, 338 (4) (180 SE2d 913), and cits. Of course, the witness may not stand moot, but must testify that the answer would criminate or tend to criminate himself, work a forfeiture of his estate, or tend to bring infamy or disgrace or public contempt upon himself or any member of his family as the case may be, otherwise he would be in contempt. See *Pledger v. State,* 77 Ga. 242 (3 SE 320). Compare *Mallin v. Mallin,* 226 Ga. 628 (176 SE2d 709); *Mallin v. Mallin,* 227 Ga. 833, 834 (1) (183 SE2d 377).

A trial judge should not attempt to intimidate a witness to testify in behalf of the state, either in or out of the presence of the jury. See *Benton v. State,* 58 Ga. App. 634 (4) (199 SE 562). But the trial judge has a wide discretion in controlling the trial of the case, and witnesses, properly subpoenaed, are under an obligation to further the administration of justice by appearing and testifying as to any relevant facts within their knowledge. 97 CJS 361, Witnesses, § 14.

When the witnesses here refused to testify stating their privilege not to testify because it would tend to incriminate them or to disgrace them and their family, the court then instructed them that since the crime had been committed upon the witnesses they could not refuse to testify, and if they did refuse the court would hold them in contempt and incarcerate them in the common jail. Apparently this ruling was based on *Brooks v. State,* 233 Ga. 524, 527 (212 SE2d 355), wherein the court held a brother-in-law was not entitled to refuse to testify about a crime involving his wife's brother. The facts must directly involve disgrace and not facts merely tending to disgrace indirectly. We can think of no greater disgrace to the witness than that which they were forced to testify under

duress, hence the lower court was in error in holding that this was only a collateral matter, and the witness had to testify under threat of contempt. The case of *Brooks v. State,* supra, is not controlling here.

But the witnesses did not persevere in availing themselves of the privilege given them by the law and proceeded to testify. The testimony given by them was extremely damaging to the defendant, and, in fact, a prima facie case would not have been made against the defendant but for their testimony. However, we do not see how the threat of contempt and to be incarcerated in the common jail could have inured to the benefit of the defendant in this instance, even if the court was in error in requiring the witnesses to testify against the defendant. Had the witnesses refused to testify and thereafter been cited for contempt and incarcerated, the court would have committed reversible error as to holding them in contempt. But counsel have cited no cases controlling on this court as to this error committed by the trial judge who obviously sought to determine the truth of the matter. The defendant has no standing to raise a question as to the violation of the witnesses' rights under the Georgia law, as the privilege is that of the person under examination as a witness. *Lively v. State,* 237 Ga. 35. No reversible error has been shown.

4. During examination of a state's witness, counsel for defendant requested that the jury be excluded in order that he might make a motion. The court suggested that this be done at the completion of the witness' testimony. Whereupon defense counsel moved for mistrial citing no reasons therefor. The motion was overruled. Whereupon counsel again moved for a mistrial, again citing no reasons for same, which was likewise overruled. The court neither expressed an opinion nor did he show any bias in favor of the state in suggesting that the motion be made after the testimony of the witness. Counsel did not request time to perfect the record and did not state any grounds for his motions. There is no merit in this complaint. Proper grounds to support the motion must be made in the lower court in order for this court to consider error. *Jerdine v. State,* 137 Ga. App. 811, 813 (2) (5) (224 SE2d 803); *Smith v. Smith,* 223 Ga. 560, 561 (7) (156 SE2d 901); *Pippin v.*

*State,* 205 Ga. 316, 317 (6) (53 SE2d 482).

5. During examination of one of the victims, the district attorney asked the witness if the defendant ever tried to get her to do any other immoral sexual act with him. The court sustained an objection that this was "inflammatory" and "a characterization." Defense counsel then contended it attributed immoral conduct to the defendant and moved for a mistrial. Certainly the charges against the defendant did impute immoral conduct and place his character in issue, and the question did attribute immoral conduct to the defendant. State's counsel was seeking to establish the various acts of sex activity, all of which were immoral conduct. The question may have been leading and prejudicial — although relevant; but it in no way was sufficient for the court to grant a mistrial, if in fact, the objection should have been sustained. This enumeration of error is not meritorious.

6. Complaint was first made to the testimony of the boyfriend of one of the victims who testified as to the circumstances surrounding the admission to him by the victim that she had been "messed with" by her stepfather, the defendant, and that this caused him to approach the defendant, who made an admission as to how and what happened, although not amounting to an admission of sexual intercourse. Objection was made to the testimony as to what the victim had told him as being hearsay, but was allowed by the court to explain why the witness had investigated further, in reporting it to his mother and father and to the victims' mother, and why he went to the defendant who then made certain admissions to him in regard to an alleged crime. See *Robinson v. State,* 232 Ga. 123 (205 SE2d 210); *Hooks v. State,* 215 Ga. 869 (7), 872 (114 SE2d 6); *Conoway v. State,* 171 Ga. 782, 784 (156 SE 664). The testimony here by the boyfriend was properly allowed in evidence to show his investigation of the matter once it had been reported to him. See Code § 38-302; *Davis v. State,* 135 Ga. App. 203, 208 (217 SE2d 343); *Bryant v. State,* 191 Ga. 686 (14), 720 (13 SE2d 820); Compare *Todd v. State,* 200 Ga. 582, 588 (1) (37 SE2d 779).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JULY 6, 1976 — DECIDED JULY 16, 1976.

*Paul E. Cormier, Leonard N. Steinberg,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.