## 58430. EASON v. BERGER & COMPANY, INC.

SMITH, Judge.

We reverse the trial court's order holding appellant Eason in contempt for refusing to abide by a court order.

On the ground that "the answer may tend to incriminate me," appellant separately objected to each of over 490 (including sub-parts) post-judgment interrogatories propounded by appellee. The court ordered appellant to answer over 400 of the interrogatories. The questions appellant was ordered to answer inquired extensively into his past and present financial status, activities and holdings. Among other things, the questions asked for detailed information concerning trusts, insurance, bank accounts, accounts receivable and conveyances of real and personal property. On refusing to follow the court's order, appellant was held in contempt and fined $1.

The interrogatories posed here are very similar to those involved in *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377) (1971) and *Busby v. Citizens Bank,* 131 Ga. App. 738 (206 SE2d 640) (1974), and we believe the holding of those cases applies here, that the questioned party's invocation of his constitutional privilege must be honored. See also Code § 38-1205. *Mallin v. Mallin,* supra, " 'apparently holds that extensive questioning concerning financial affairs might tend to incriminate a person *as a matter of law.* In other words, in the particular situation of financial affairs, only the defendant or witness can weigh the effect. There is nothing factual for the trial court to determine.' (Emphasis supplied.)" *Busby v. Citizens Bank,* supra, pp. 740-741. The answers to the interrogatories here likewise,

as a matter of law, might have tended to incriminate appellant. The contempt order must be reversed.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED JANUARY 21, 1980.

*Richard D. Ellenberg,* for appellant.
*John A. Sherrill,* for appellee.