## 36781. FEIG v. FEIG.

HILL, Justice.

This case involves the effectiveness of waiving in advance, by contract, a person's fifth amendment protection against disclosure of income tax returns and other financial information.

In a 1975 property settlement agreement the parties to this action, then husband and wife, agreed to the following: "Both parties expressly reserve and retain the right to modify this agreement and any alimony judgment rendered between the parties. . . Mr. Feig agrees that upon the written request of Mrs. Feig, or her attorney, to furnish Mrs. Feig copies of the first page of his personal state and federal income tax returns (both current and for the three (3) years preceding the date of the request) and a financial statement as of the

date of the request, provided such request is not made more than each three (3) years, beginning three (3) years from the date of this agreement." The final judgment and decree of divorce incorporated this agreement.

On January 2, 1979, Mrs. Feig asked Mr. Feig to furnish a current financial statement as well as the first page of his state and federal income tax returns for the years 1975 through 1978. Mr. Feig refused and Mrs. Feig filed a motion for contempt. Mr. Feig responded that such matters were privileged under the Fifth Amendment and Code Ann. §§ 2-113 and 38-1205, contending that events subsequent to the agreement were such that his tax returns might tend to incriminate him. The trial court overruled Mr. Feig's claim of a Fifth Amendment privilege and found him in contempt of court.

Mr. Feig appeals. He contends that the trial court erred in holding him in contempt for failure to disclose financial information protected by the Fifth Amendment to the United States Constitution and the privilege against self-incrimination in our Constitution and laws, Code Ann. § 2-113 and Code Ann. § 38-1205. Mr. Feig relies upon *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377) (1971), and *Busby v. Citizens Bank of Hapeville,* 131 Ga. App. 738 (206 SE2d 640) (1974). *Busby* involved post-judgment interrogatories and is inapposite. *Mallin* involved a wife seeking financial information for use in an alimony modification suit. In *Mallin* no waiver by property settlement agreement was relied upon by the wife. Moreover, the third division of the *Mallin* opinion simply holds that a party who produced tax returns at one trial may claim the privilege against self incrimination at a later trial. Mr. Mallin did not enter into a contract at the former trial that he would waive his privilege in the future.

Although we find *Mallin* distinguishable, the problem raised by Mr. Feig nevertheless is troublesome, with far reaching implications. Heretofore it was generally thought that a litigant or potential litigant could waive certain constitutional rights in advance, and that a person could waive by a contract of employment other constitutional rights, in futuro.

It is patent that Mr. Feig, who was represented by counsel, voluntarily and intelligently waived his constitutional and statutory safeguards as part of the quid pro quo of the property settlement agreement. The privilege against self incrimination can be waived in praesenti. We hold that it can be voluntarily waived by property settlement agreement as to future income tax returns and financial information covering future financial events unknown at the time of entering into the contract. We further hold that where a person represented by counsel enters into a property settlement agreement

which has the necessary effect of waiving a constitutional right, express notice of or reference to such waiver is not required. See Schneckloth v. Bustamonte, 412 U. S. 218, 234 (93 SC 2041, 36 LE2d 854) (1972); Garner v. United States, 424 U. S. 648 (96 SC 1178, 47 LE2d 370) (1976). We find that in light of his voluntary contractual waiver of a known constitutional right, Mr. Feig must produce the agreed and requested financial information.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 17, 1980 — DECIDED DECEMBER 2, 1980.

*Westmoreland, Hall, McGee, Warner & Oxford, Harry P. Hall, Jr., John C. Mayoue,* for appellant. .
*McLain & Merritt, Christopher D. Olmstead,* for appellee.