## 44396. RILEY v. THE STATE.

(355 SE2d 66)

GREGORY, Justice.

Kevin Lorenzo Riley was convicted of felony murder and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment plus five years to serve consecutively.[1] We affirm.

At around 7:30 p.m. on February 11, 1985, a man armed with a pistol entered Eddie Griffin's confectionary store in Savannah. The man ordered Griffin to give him money. When Griffin refused, a scuffle ensued and Griffin was shot and killed.

James Graham was in the store during the shooting. However, Graham had severely impaired vision. Graham told police the next morning that Griffin's grandson had committed the crime. After a brief investigation, police did not pursue the grandson as a suspect.

On April 9, 1985, police went to Riley's place of employment. Riley accompanied the officers to the police station where he was advised of his *Miranda* rights and signed a waiver of the rights. Riley told police he had bought a .357 Magnum caliber pistol and entered Griffin's store with the intent to rob him. He said Griffin lunged at him and grabbed the gun, which accidentally discharged.

At Riley's trial, James Epps testified he sold a .357 Magnum pistol to Riley. When Riley did not pay him as promised, Epps retrieved the gun. Epps was unable to recall the time period during which Riley possessed the gun. Epps sold the gun to Curtis Randolph, who in turn sold it to Joe Nelson. Police obtained a .357 Magnum pistol from Nelson. Ballistic evidence indicated the pistol obtained from Nelson fired the bullet that killed Griffin.

Riley's brother Dennis Sanders told police in a transcribed statement on April 12, 1985 that his brother had admitted shooting Griffin. At trial, Sanders denied making the statement. He said he did not read well and signed a written statement hoping for leniency with his own burglary charge. The stenographer who transcribed the statement testified as to Sanders' remarks implicating his brother.

Donald Wade testified to walking by the store on the night of the shooting and seeing the back of someone running from the confectionary. Wade said he knew Riley from neighborhood basketball games and that Riley was not the person he saw running from the store.

In his trial testimony Riley said he was in the vicinity of the confectionary on the night of the shooting. But he said his girl friend had picked him up between 7:30 and 8 p.m., and that they spent the night

---

[1] The victim was killed on February 11, 1985. Riley was arrested on April 9, 1985. He was indicted on June 19, 1985. A jury found Riley guilty and he was sentenced on May 23, 1986. The transcript of proceedings was certified on February 5, 1987 and docketed in this court on February 25, 1987. The case was submitted on briefs for decision on April 14, 1987.

together in a motel. The girl friend testified that she did not leave work until 7:30 or 8 p.m. and picked Riley up approximately 45 minutes later.

1. Riley's first three enumerations of error concern the statement he made to police on April 9, 1985 in which he admitted shooting Griffin while robbing his store.

Riley was given his *Miranda* warnings before police questioned him about Griffin's death, and he signed a waiver of his rights. Apparently, Riley made an initial oral statement which was not recorded. He made a second statement which was tape recorded and transcribed by a stenographer as he spoke. Riley signed the transcription of the interview. Police also put the statement in narrative form by assembling Riley's responses without the corresponding police questions or commentary. After reading the narrative statement, Riley signed it as well.

A *Jackson v. Denno* hearing was held to determine the voluntariness of Riley's admission. Riley testified that the police had threatened Riley and his family before the taped statement was given. He said before the tape began, the police told him the answers they expected to hear. He also claimed one detective unsnapped the holster of his gun in a coercive manner. Riley said the police promised to help his brother, Dennis Sanders, who was facing unrelated burglary charges. Detective Freddie Smith testified that there had been no coercion, threats or promises made to Riley when the statement was taken. The trial court ruled the statement was voluntarily made and was admissible.

At trial, the State sought to introduce the tape recording of Riley's remarks into evidence. Because of the poor sound quality, the court did not allow the tape to be introduced. However, the court did allow the transcript of the statement to be read to the jury.

Later in the trial, the State sought to read the signed narrative version into evidence. Riley's counsel objected. However, counsel said he discerned some inconsistencies in the transcribed and taped versions, and that he wanted to question one of the detectives on the methods of formulating the narrative version. The trial court ruled that if Riley's counsel was going to refer to and quote from the narrative version in cross-examination then the entire version needed to be read into evidence.

(a) Riley first contends the trial court erred in ruling that his statement had been made voluntarily and without hope of benefit or fear of injury.

Before the statements could be admitted into evidence, the prosecution was required to show by a preponderance of the evidence that they were voluntarily made. *Lego v. Twomey*, 404 U. S. 477, 489 (92 SC 619, 30 LE2d 618) (1972); *High v. State*, 233 Ga. 153, 154 (210

SE2d 673) (1974). Here, the trial court found the statements were voluntarily made. After considering evidence pertaining to the admissibility of a statement, a trial court's factual and credibility findings will be upheld on appeal unless clearly erroneous. *Mullinax v. State*, 255 Ga. 442, 444 (339 SE2d 704) (1986).

(b) Riley contends the trial court erred in allowing the transcript of his statement to be read to the jury without holding a *Jackson v. Denno* hearing as to its admissibility. Riley contends the hearing that was held was concerned solely with the admissibility of the narrative version, and not with the taped or transcribed version of his statement.

Riley made only one statement that was eventually placed in three forms. A review of the *Jackson v. Denno* hearing shows the voluntariness of that one statement was the subject of the hearing, and not the form in which it would be introduced at trial. This enumeration of error is without merit.

(c) Riley contends the trial court denied his right of cross-examination of Detective Freddie Smith by ruling he could not explore portions of the narrative version of the statement without reading the entire statement into evidence.

We note first OCGA § 24-3-38, which provides: "When an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all of the conversations connected therewith admitted into evidence."

The record reveals the trial court did not restrict or prevent Riley from cross-examining Detective Smith concerning the narrative version of his statement. Rather, the court required that the entire statement be read to the jury before proceeding with the cross-examination.

We find this enumeration of error to be without merit.

2. Riley contends his brother, Dennis Sanders, was forced to testify against him in violation of OCGA § 24-9-27 (a), which provides: "No party or witness shall be required to testify as to any matter which may criminate or tend to criminate himself or which shall tend to bring infamy, disgrace, or public contempt upon himself or any member of his family."

Sanders had signed a transcribed statement made to police before trial. Sanders had said his brother told him of going to the confectionary to rob the proprietor and that he had shot Griffin. At trial, Sanders denied making the statement and testified he did not read well and signed the statement under duress. The State used the statement for impeachment purposes.

Riley argues the State's use of the statement forced his brother to testify against himself and brought contempt upon himself and his family. However, "[t]he defendant has no standing to raise a question

as to the violation of the witnesses' rights under the Georgia law, as the privilege is that of the person under examination as a witness." *Wynne v. State*, 139 Ga. App. 355, 358 (228 SE2d 378) (1976). See also *Thomas v. State*, 245 Ga. 688 (4) (266 SE2d 499) (1980); *Lively v. State*, 237 Ga. 35 (226 SE2d 581) (1976).

3. Riley contends the trial court erred in denying his motion for mistrial on grounds that the prosecutor systematically struck black persons from the jury panel. He cites *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986).

Jury selection was completed in Riley's case and proceedings were halted for lunch. After proceedings resumed but before the jury was brought in for opening statements, the trial court asked Riley's counsel if any matters needed to be addressed before trial. Counsel indicated he had no motions or other matters to address at that time. The jury was brought in the courtroom, opening statements were made and the State called five witnesses to testify, Court was recessed for the day. When proceedings began the next morning, but before the jury was brought in, defense counsel moved for a mistrial.

The trial court ruled the motion concerning the array of the jury was untimely. We agree.

4. We find a review of all the evidence adduced at trial in a light most favorable to the jury's verdict shows that a rational trier of fact could have found Riley guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

5. We have reviewed the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 1987.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.