A94A0071. IN RE PUROHIT et al.
(444 SE2d 133)

SMITH, Judge.

Jugal and Chandra Purohit appeal from the trial court's order holding them in civil contempt for violating a consent interlocutory injunction and requiring them to comply with various discovery requests. The appeal was filed in the Supreme Court, which transferred it to this court without opinion.

The record shows that Mestek, Inc., Jugal Purohit's former employer, filed suit against him seeking recovery of approximately $800,000 it claimed Purohit had fraudulently acquired from it while employed with the company. Mestek alleged that Purohit, through various companies he or family members owned, had billed Mestek for supplies not furnished or greatly overbilled Mestek for supplies furnished. Mestek sought and obtained a temporary restraining order designed to maintain the status quo during the litigation by restraining Purohit from transferring more than $1,000 out of state and from transferring title to or encumbering real or personal property or other assets of more than $1,000. By consent of the parties, the TRO ripened into an interlocutory injunction binding upon Purohit and any others actively participating in the operation of the companies allegedly involved in the fraudulent scheme and named in the complaint.

After entry of the interlocutory injunction, Mestek deposed Purohit and his wife. On the advice of counsel, Purohit repeatedly invoked the privilege against self-incrimination in response to questions regarding the events upon which the suit was based. He also invoked the privilege in response to questions regarding whether he

had cashed any certificates of deposit or transferred title to any funds or property since the entry of the injunction. At her deposition, Purohit's wife, Chandra, admitted she had attempted to cash one CD and had actually cashed two others. She objected to other questions regarding cashing CDs on relevancy grounds, and she either did not recall or refused to answer other questions.

Mestek then moved to attach the Purohits for civil contempt, alleging they had violated the terms of the injunction. Mestek sought an order requiring the Purohits to disclose whether property had been transferred in violation of the injunction and its whereabouts if transferred, as well as to return the property if it had been transferred. After a hearing, the trial court found both Purohits in contempt and entered an order requiring that Chandra produce documents concerning any CDs cashed by her since the date of entry of the consent injunction. The order also required that Jugal answer under oath all discovery questions pertaining to CDs in existence as of the date of the injunction in his name or purchased by him or with funds supplied by him or any of the companies named in the complaint, as well as questions pertaining to any transfers of assets, including cash, since entry of the injunction.

1. Although the underlying case involves an injunction, the issues raised in this appeal involve no matter in equity. Jurisdiction is therefore in this court. *Tenn. Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380 (1) (317 SE2d 269) (1984).

2. The Purohits contend the trial court erred in finding them in contempt and in requiring them to answer questions as to which the privilege against self-incrimination was invoked.

Citing *Mallin v. Mallin*, 227 Ga. 833 (183 SE2d 377) (1971) and *Busby v. Citizens Bank of Hapeville*, 131 Ga. App. 738 (206 SE2d 640) (1974), they first argue that their refusal to answer the questions posed was proper. They maintain they determined that the answers might incriminate them by disclosing financial information involving the three companies, thereby providing links in a chain tending to establish the criminal activity alleged in the complaint.

OCGA § 9-11-26 (b) (1) provides in pertinent part that "[p]arties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action." (Emphasis supplied.) Clearly, the issue of whether funds were transferred in violation of the injunction is relevant to the litigation. Therefore, unless the privilege was properly invoked by the Purohits, the trial court correctly ordered them to divulge the information.

(a) The record reflects that Chandra never invoked her privilege against self-incrimination. She merely declined to answer on other grounds. She has therefore waived it and may not invoke it for the first time on appeal. See *Cohran v. Carlin*, 165 Ga. App. 141, 143-144

(297 SE2d 54) (1983). As to Chandra, this enumeration is without merit for this reason.

(b) As to Jugal, he invoked the privilege because he had determined that answering questions regarding the CDs might incriminate him. "However, the fact that a party raises the privilege 'does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified.' [Cit.] . . . Where 'questions are on their face innocent,' the party raising the privilege 'may be required to provide sufficient information on which the court may find that a real danger of incrimination exists.' [Cit.] If the trial court determines the privilege has been properly raised, then the matter is not discoverable, OCGA § 9-11-26 (b) (1). If the trial court determines from all the circumstances that the danger of incrimination is not 'real and appreciable,' then the matter is subject to the attendant rules of discovery, including appropriate sanctions. . . ." *Axson v. Nat. Surety Corp.*, 254 Ga. 248, 250 (327 SE2d 732) (1985).

Here, the questions regarding the CDs were "on their face innocent" since they did not seek information regarding the source of Purohit's funds, but rather the status and disposition of those funds covered by the injunction. The trial court made clear it would not compel testimony about the underlying allegations of criminal activity, but only about whether the status quo had been disturbed since entry of the injunction to which Purohit consented. Given the court's, and Mestek's, assurance that punishment would not be sought for violating the injunction if he disclosed the information, if Purohit still maintained that the questions posed a danger of incrimination, it was incumbent upon him to provide some indication to the court of why that was so. *Axson*, supra.

This is particularly true because of the nature of the questions involved. Every court possesses the power to compel obedience to its orders. OCGA § 15-1-3 (3). This must, of necessity, include contempt powers. OCGA § 15-1-4 (a) (3). Purohit consented to the terms of the injunction preserving the status quo pending litigation. He may not, by invoking his privilege against self-incrimination, prevent enforcement by the court of the very order to which he consented. Civil contempt is used to compel obedience to an order. *Davis v. Davis*, 138 Ga. 8 (hn. 1a) (74 SE 830) (1912). It is remedial in nature, and it was properly used here to compel Purohit to comply with discovery requests regarding possible violations of the injunction. The trial court did not err in holding Purohit in civil contempt.

3. Purohit contends that he properly invoked the privilege because answering the questions might show a violation of the injunction, thereby subjecting him to incarceration for contempt of that order. This contention is clearly without merit given his attachment for civil contempt and the clearly expressed intent not to punish.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 10, 1994.

Paine, McElreath, Rhodes & Hyder, Travers W. Paine III, James D. Hyder, Jr., for appellants.

Chilivis & Grindler, Anthony L. Cochran, Knox & Zacks, Ted H. Clarkson, Gary J. Toman, Joseph H. Huff, Mozley, Finlayson & Loggins, C. David Hailey, for appellee.