41456. BRADLEY v. COACH & SIX RESTAURANTS, INC.

SUBMITTED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 17, 1965.

■

*P. L. Wayman*, for plaintiff in error.

*Shoob & McLain, George M. Scheer, Jr.,* contra.

FELTON, Chief Judge. ■ ■ *Code Ann.* § 38-1201, as amended (Ga. L. 1959, pp. 425, 443), reads as follows: "In accordance with the provisions of Chapter 38-21, discovery may be had from the opposite party, either nominal or real, in any case pending in any court. Discovery may also be had from defendants in fi. fa. as to the property from which executions may be satisfied *in the same manner as if said action was pending* in the courts to which such executions are returnable." (Emphasis supplied.) Ga. L. 1959, p. 425 repealed various specified chapters of the Code pertaining to discovery, including the provisions relating to the procedure for interrogatories contained in *Code Ann.* § 38-1202, and incorporated all such procedure in a new Chapter 38-21. That Act, however, not only did not repeal *Code Ann.* § 38-1201 (Ga. L. 1847, Cobb, 465; Ga. L. 1850, Cobb, 270, 466), but retained the amendment thereto of Ga. L. 1955, pp. 577, 578 providing for discovery from defendants in fi. fa. Since *Code Ann.* § 38-1201, which grants the substantive right of discovery from defendants in fi. fa., provides that the procedure therefor is the same "as if said action was pending, etc.," the clear implication is that use of this procedure is authorized after the action is no longer pending, i.e., after judgment has been obtained and no appeal therefrom is pending, as was done in the instant case. The contention of the defendant in fi. fa.—that there is no provision in re-enacted Chap. 38-21 for use of this procedure after judgment unless an appeal is pending—overlooks the language of *Code Ann.* § 38-1201, as amended, supra, as well as the fact that this procedure for facilitating executions on judgments is not needed until after the defendant's liability has been finally established, either by the rendering of the judgment with no appeal therefrom having been filed or by the decision of the appellate court on appeal, at which time the plaintiff in fi. fa. can obtain the execution on his judgment.

■ Nor would the fact that the interrogatories were pref-

aced with the statement that they were propounded according to the provisions of *Code Ann.* § 38-2108 subject them to dismissal. See *Sparks Specialty Co. v. Moss,* 110 Ga. App. 585 (139 SE2d 345). Although the interrogatories were propounded under the *authority* of *Code Ann.* § 38-1201, they were propounded under the *provisions* of *Code Ann.* § 38-2108, as the interrogatories stated. The court did not err in overruling the defendant in fi. fa.'s general objections to the interrogatories as a whole.

■ ■ *Code Ann.* § 38-1201, as amended, provides that the discovery obtainable from defendants in fi. fa. is "as to the property from which executions may be satisfied. . ." Any question that seeks information which would lead to any property or holdings of the defendant in fi. fa. which are subject to levy to satisfy the judgment against him is pertinent and allowable. "The provisions of *Code* § 38-2108, as amended by the Act of 1959 (Ga. L. 1959, p. 437), are to be liberally construed in favor of supplying a party with the facts underlying his opponent's case, and without reference to whether the facts sought on discovery would be admissible on the trial." *Setzers Super Stores v. Higgins,* 104 Ga. App. 116 (3) (121 SE2d 305); *Thompson v. Mapp,* 6 Ga. 260, 262 (2). There is even stronger reason for giving this same liberal construction to the provisions of *Code Ann.* § 38-1201, since this procedure is for the purpose of recovering from the defendant in fi. fa. upon a liability which has already been established by a judgment. Accordingly, the interrogatories pertaining to information as to the following matters were all legitimate subjects of inquiry: The defendant in fi. fa.'s ownership and location of residence; engagement in any type of proprietorship or partnership; holdings of corporation stock; employment; salary; other sources of income; bank accounts; ownership of vehicles, personal property and real estate; accounts receivable; transfers of property within the last year; possession, control and custody of certificates of vehicle registration and property tax returns; source of information for each answer to an interrogatory not based upon personal knowledge; and identity of each person rendering assistance in preparing the answers.

■ The direction in the interrogatories to attach copies of certain documents and items to the answers was permissible under the provisions of *Code Ann.* § 38-2109 (b) (Ga. L. 1959, pp. 425, 438).

The court therefore did not err in its judgment overruling both the general and special objections to the interrogatories.

*Judgment affirmed. Jordan and Deen, JJ., concur.*