### 48241. SNEIDER v. ENGLISH.

HALL, Presiding Judge. Post-judgment interrogatories served by the judgment creditor, English, upon Sneider, defendant below, were neither objected to nor answered in timely fashion. English then sought an order compelling answers and praying for attorney fees in the discovery proceedings. Sneider responded, refusing to answer on the ground that answers would produce self-incrimination or forfeiture of his estate. He prayed for relief from the necessity both of answering and paying attorney fees. After a hearing, the lower court ruled that Sneider was not required to answer for the reasons he had alleged, but that he would be required to pay $150 as attorney fees. Sneider appeals.

This case is controlled by Section 37 (d) of the CPA (Code Ann. § 81A-137 (d)) as amended in 1972. It is substantially identical with Federal Rule 37.

"The great operative principle of Rule 37 (a) (4) is that the loser pays. If a motion under Rule 37 (a) (4) — or any of the other rules incorporating it or similar to it—is granted, the party or deponent whose conduct necessitated the motion shall be required to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order. If the motion is denied it is the moving party who must pay to the party

or deponent who opposed the motions the expenses and fees incurred in opposing the motion. If the motion is granted in part and denied in part the court is given more discretion and may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner. . . The court must allow an opportunity for hearing before awarding expenses and fees under Rule 37 (a) (4). Thereafter it is to make the award against the losing party on the motion unless the court finds that his opposition to, or making of, the motion was substantially justified or that other circumstances make an award of expenses unjust. Thus the rule is mandatory unless one of the two conditions for not making an award is found to exist but these conditions are themselves broad enough that the court retains some discretion in the matter. . . . The former rule has purported to make expenses and fees mandatory, when it was applicable, if the court found that the position of the losing party 'was without substantial justification.' Rule 37 (a) (4) reverses this and requires an award against a party unless his position 'was substantially justified.' Thus the burden of persuasion is now on the losing party to avoid assessment of expenses and fees rather than, as formerly, on the winning party to obtain such an award. There is reason to believe that the allocation of the burden of persuasion is rarely of much significance in litigation but the shift in the burden suggests that the courts should be more willing than in the past to make an award of expenses and fees." 8 Wright & Miller, Federal Practice & Procedure, 787, 789, § 2288.

While the appellant was not the "loser" here, the trial court nevertheless did not abuse its discretion in awarding attorney fees under the circumstances of this case. If a party entirely fails to respond to a set of interrogatories, sanctions can be imposed directly under § 81A-137 (d) and a motion under § 81A-137 (a) (2) is not required. See *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.,* 129 Ga. App. 384. In this situation, he cannot avoid sanctions by contending that the request was improper or objectionable. "If he takes this view he is required to apply for a protective order under [§ 81A-126 (c)] Rule 26 (c)." Wright & Miller, supra, 810-812, § 2291. If he fails to do this, the court can make "such orders in regard to the failure as are just." Code Ann. § 81A-137 (b) (2). Since the appellant did not apply for a protective order, he is in no position to object to the award of reasonable attorney fees.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.*
SUBMITTED MAY 30, 1973 — DECIDED SEPTEMBER 14, 1973.

*J. Norwood Jones, Lewis N. Jones,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Richard L. Stumm,* for appellee.

EVANS, Judge, concurring specially. Plaintiff recovered judgment of defendant, and then sought discovery as to what property defendant owned from which the judgment might be satisfied. The defendant did not answer the interrogatories, nor did he file objections to same. Plaintiff then sought an order to compel an answer to the interrogatories, and prayed that defendant be required to pay attorney fees to plaintiff in the discovery proceeding.

Defendant then filed response to the interrogatories, and refused to answer on the ground that the answers might tend to incriminate him or work a forfeiture of his estate, and prayed that he not be required to answer, and that he not be required to pay attorney fees, alleging that he had offered a settlement to which plaintiff had not responded, and asserting that his failure to answer was not wilful.

The lower court rendered a judgment, after hearing the matter, and held that defendant was not required to answer for the reasons he had alleged but that he would be required to pay plaintiff $150 as attorney fees. Defendant appeals.

1. The lower court had the power to deny plaintiff's motion to compel defendant's answer to the interrogatories. When the Civil Practice Act was enacted in 1966, discovery was dealt with rather extensively, but nothing therein repealed the discovery law as set forth in the former statute, in Code § 38-1204, which had been in existence since 1889 (Ga. L. 1889, p. 87). In 1955 this discovery law was amended to permit discovery from defendants in fi. fa. as to what property they owned which might be subject to payment of the outstanding judgment. Code Ann. § 38-1201 (Ga. L. 1955, pp. 577, 578; 1959, pp. 425, 443). In 1959, supra, it was provided that such discovery might be had "in accordance with the Provisions of Chapter 38-21." Discovery as to the assets of a defendant in fi. fa. was upheld in *Bradley v. Coach & Six Restaurants, Inc.,* 112 Ga. App. 278 (145 SE2d 55). But, of course, the discovery authorized by the General Assembly in 1959 was subject to all existing statutes which were not specifically or by implication repealed

thereby. The existing statutes provide that upon timely and proper objection, a party may not be required to testify as to matters which might tend to incriminate him, or subject him to a penalty, or a forfeiture, or work a forfeiture of his estate, or bring infamy or disgrace on his family. See Code §§ 38-417, 38-1102, 38-1205. To have answered the interrogatories as desired by plaintiff would have forfeited defendant's estate to plaintiff, and that was the whole object of the discovery proceeding. *Townsend v. Northcutt,* 121 Ga. App. 230 (173 SE2d 470).

2. But the defendant ignored the interrogatories and it was not until motion to compel answers was filed by plaintiff that he finally responded and objected to being required to answer in a way that might tend to incriminate him or work a forfeiture of his estate. Attorney fees are sought under the provisions of Code Ann. § 81A-137, post. It is true that the discovery was sought under Code Ann. § 38-1201, as amended, but that statute expressly provided that said discovery would be "in accordance with the provisions of Chapter 38-21." Chapter 38-21 was repealed by the Civil Practice Act in 1966, but its provisions were re-written into Code Ann. §§ 81A-126 through 81A-137 (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530). Code Ann. § 81A-137 (a4), supra, authorizes the court to require the party whose conduct necessitated the motion to pay the moving parties reasonable expenses, "if the motion is granted." Here the dilatory party waited until the motion was filed to compel him to answer, and then filed his response before the court had the opportunity to pass upon the motion. The response was thus made here because of the motion to compel such response, and simply because it was made before the judge could pass upon the motion will not relieve the delinquent party from paying the moving party the expense provided for in the above statute. There has been a substantial compliance with the statute and the lower court's judgment in requiring payment of attorney fees is therefore properly affirmed.