**UNITED STATES of America,
Appellee,**

v.

**Willie Foster SELLERS, Appellant.**

**No. 74–1772.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1975.

Decided Feb. 18, 1975.

**1200**

Martin L. Brackett, Jr., Charlotte, N. C. (Allen A. Bailey, Charlotte, N. C., [Court-appointed counsel], on brief), for appellant.

Michael S. Scofield, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before WINTER, CRAVEN and WIDENER, Circuit Judges.

PER CURIAM:

After examining the record and briefs and hearing oral argument, we see no

merit in this appeal. The principal point urged is that defendant's fourth amendment rights were violated when the police made a warrantless seizure of two firearms in the trunk of defendant's motor vehicle, and one of the firearms was used as the basis for the prosecution for illegal possession of an unregistered automatic rifle in violation of 26 U.S.C. §§ 5861(d) and 5871. The firearms were seized when the operator of a wrecking service, to whom possession of defendant's car had been entrusted, opened the trunk, concededly not under instructions by the police, observed the firearms and summoned the police to examine them.* We are persuaded that a warrantless seizure was permissible under the plain view doctrine. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

Affirmed.

---

\* These facts distinguish the instant case from Cash v. Williams, 455 F.2d 1227 (6 Cir. 1972), on which defendant places heavy reliance. In *Cash*, the police officers participated in the warrantless search.