**Brian KOZLOWSKI, PPA and Cynthia Karaffa, Plaintiffs,**

v.

**SEARS, ROEBUCK AND COMPANY and Russell Mills, Inc., Defendants.**

**SEARS, ROEBUCK AND COMPANY, Third-Party Plaintiff,**

v.

**RUSSELL MILLS, INC., Third-Party Defendant.**

**Civ. A. No. 75–1370–J.**

United States District Court, D. Massachusetts.

July 14, 1976.

---

Donald M. Lubin, Lubin & Meyer, Boston, Mass., for plaintiffs.

Paul J. Dolan, Palmer & Dodge, Boston, Mass., for defendants.

George M. Herlihy, Herlihy, McCue & O'Brien, John R. Hally, Patrick F. Brady, Nutter, McLennen & Fish, Boston, Mass., for third party defendant, Russell Mills, Inc.

## MEMORANDUM AND ORDER

JULIAN, Senior District Judge.

This matter comes before the Court on plaintiff Brian Kozlowski's motion, filed pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P., seeking an order for entry of judgment by default against the defendant, Sears, Roebuck and Company. After a hearing held June 23, 1976, the Court took the motion under advisement.

Plaintiff initiated this products liability action on April 9, 1975. The complaint alleges that on November 11, 1970, the plaintiff was severely burned while wearing a pair of pajamas, manufactured and marketed by the defendant, when the pajamas were "caused to ignite." The liability of the defendant is asserted by claims sounding in negligence, breach of warranty and strict liability in tort. With respect to the negligence claim, the plaintiff specifically charges in his complaint as follows:

"7. The injuries sustained by Brian Kozlowski were the direct and proximate result of the carelessness and negligence of the defendant as follows:

"a. Defendant was negligent in the design, development, materials selection, manufacture, testing, inspection, packaging, marketing, promotion, advertising and sale of said pajamas.

"b. Defendant negligently failed to warn or instruct, or adequately warn or adequately instruct, plaintiff concerning the dangerous flammability characteristics of said pajama.

"c. Defendant negligently disposed of said pajama and placed it in the channels of trade, when it knew or with reasonable care should have known said pajama to be dangerous and defective in nature and design, or in a dangerous and defective condition, and negligently placed said pajama in the channels of trade in a manner which defendant foresaw, or in the exercise of reasonable care ought to have foreseen, would probably carry said pajama into contact with persons such as this plaintiff who

were ignorant of the dangerous and defective nature and condition of said pajama, and negligently failed to use reasonable care to prevent injury to such persons including Brian Kozlowski.

"d. Defendant negligently manufactured and marketed said pajama in violation of applicable federal and state statutes and regulations.

"e. Defendant negligently failed to use noncombustible and safer materials for children's nightwear, including the pajama in question, although defendant knew that such materials were available.

"f. Defendant negligently failed to use a flame retardant finish for children's nightwear, including the pajama in question, although defendant knew that such a treatment was available."

On July 17, 1975, the plaintiff filed a "Request to Produce" pursuant to Rule 34, Fed.R.Civ.P., setting forth six items requested for testing and twenty-five items requested for inspection and copying. On August 8, 1975, the defendant filed a motion to quash, objecting to each of the thirty-one items specified in the motion to produce. The plaintiff opposed the defendant's motion to quash and filed a motion to compel discovery; memoranda were filed by both parties, and on January 22, 1976, United States Magistrate Princi filed a "Memorandum and Order," after a hearing on the matter, overruling the defendant's objections and ordering production within thirty days of all thirty-one items.[1]

An assented-to motion to enlarge the time to produce, to and including March 24, 1976, was filed by the defendant on February 26, 1976, three days after the thirty-day period prescribed by Magistrate Princi's order had already run. The motion was granted on March 1, 1976. On April 16, 1976, the defendant having failed to produce, the plaintiff filed the present motion for entry of judgment by default against

the defendant, as well as a memorandum in support of his motion. To date the defendant has filed no opposition to this motion nor any memorandum arguing against imposition of a default judgment. Rather, ignoring the Court's order and the plaintiff's motion, the defendant has contented itself with filing two further motions to enlarge the time to produce in lieu of any attempt at production. The first motion, requesting an enlargement of time to and including May 17, 1976, was filed on April 22, 1976. No reason was provided in the motion either for the failure to produce, as ordered, or for the necessity of an extension of time. The plaintiff promptly filed an opposition to this motion on April 23, 1976. No action was taken on the defendant's motion by the Court. However, May 17 passed without any production, and on that date the defendant filed its third motion for enlargement of time, requesting to and including June 16, 1976. As with the prior motion to enlarge time, no justification was asserted for this further delay in production. The plaintiff opposed this motion as well, filing an opposition on May 18, 1976. Again, no action was taken by the Court on the defendant's motion, and, again, the period requested passed without any compliance by the defendant with the order to produce.

On June 17, 1976, notice was sent to the parties setting a hearing on plaintiff's Rule 37(b)(2)(C) motion for June 23, 1976. On June 22, 1976, the defendant produced certain materials for the first time, nearly one year after plaintiff's request for production and approximately five months after the Court's order to produce. No written response accompanied the documents produced, as required by Rule 34(b), Fed.R.Civ.P., and no documents whatsoever were produced with respect to eighteen of the thirty-one items covered by the order to produce. The parties, by stipulation, have agreed that responses were provided, either in whole or in part, to only thirteen of the

---

1. Magistrate Princi's order modified the plaintiff's request to produce as to twenty-five of the items by imposing a time limit on the materials requested of five years prior and three years subsequent to November 11, 1970.

items. At the hearing on the motion to enter a default judgment, the defendant failed to state any facts or circumstances in explanation or mitigation of its failure to comply fully with the Court's order.

The request to produce seeks production, inspection and copying of documents and materials within the sole control of the defendant which are pertinent to the allegations of negligence set forth in paragraph 7 of the complaint quoted above, and to the claims of breach of warranty and strict liability in tort. The defendant has exclusive knowledge of the research, design, manufacture, testing, inspection, marketing, advertising, sale and warranties provided with respect to the pajamas worn by plaintiff and with respect to its flame retardant children's sleepwear marketed prior to November 11, 1970. Accordingly, the individual consumer-plaintiff must rely upon the defendant's proper compliance with the rules of discovery in order to establish a case for the defendant's liability on theories of negligence, breach of warranty and strict liability in tort. It is abundantly clear, therefore, that the items requested for production are material to the merits of the litigation, and that the defendant's noncompliance with the Court's order will cripple the plaintiff's ability to prepare and present its cause of action.

The history of plaintiff's request for production reveals a pattern of continuous, flagrant, and willful disregard by the defendant of the letter and spirit of the rules of discovery and of a specific court order. Nearly a year has been spent in a largely fruitless effort to discover materials crucial to the plaintiff's case. The record before the Court compels the conclusion that the defendant's conduct has been a deliberate, and thus-far highly successful, effort to frustrate the plaintiff in his legitimate discovery, rather than a consequence of circumstances beyond its control. See *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). This behavior of the defendant is all the more disturbing given that, as nearly six years have passed since the accident occurred, the probability that the materials sought will no longer be available increases with each passing day. Similarly, since memories may have dimmed, and witnesses may no longer be available, the need for documentary evidence is all the more crucial.

The Court is further troubled by the fact that defendant now appears to be raising previously unasserted objections to various of the items requested, through the indirect means of answers to interrogatories. The time to raise such objections has long since passed, and the propriety of the discovery sought is not an issue properly before this Court. 8 Wright & Miller, *Federal Practice and Procedure:* Civil § 2289, p. 791 (1970).

The choice of an appropriate sanction to be applied when a party fails to comply with a discovery order is committed to the sound discretion of the Court. *Atlantic Cape Fisheries v. Hartford Fire Insurance Co.,* 509 F.2d 577 (1 Cir. 1975).

"The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited." *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2 Cir. 1964).

A judgment of default may not enter "when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault" of the defendant. *Societe Internationale v. Rogers, supra,* 357 U.S. at 212, 78 S.Ct. at 1096. See also *United States v. Sellers,* 511 F.2d 1199 (1 Cir. 1975); *Atlantic Cape Fisheries v. Hartford Fire Insurance Co., supra.*

The Court finds that the defendant has willfully, and deliberately, failed to comply with the Court's order, and that its conduct fully justifies entry of a default judgment. Accordingly, it is ordered that the plaintiff's motion be, and hereby is, allowed, and that judgment by default against the defendant enter as to its liability. However, since caution should be utilized in the exercise of this ultimate sanction, it is further ordered that the judgment by default shall be removed upon motion of the defendant if

defendant fully complies with the Court's order on or before September 15, 1976, and if the delay attendant upon the defendant's failure to comply prior to said date has not prejudiced the plaintiff. If prejudice to the plaintiff has occurred, and if imposition of a sanction less severe than judgment by default will remedy such prejudice, the Court will vacate the judgment by default and will impose such lesser sanction.

In addition to the foregoing orders, the Court, pursuant to Fed.R.Civ.P. 37(b)(2), requires the defendant to pay the reasonable expenses, including attorney's fees, caused by the defendant's failure to obey the Court's order to produce of January 22, 1976. The amount of such expenses and attorney's fees will be determined at a hearing hereafter to be held.

*It is so ordered.*