**Lloyd STANTON, Plaintiff,**

v.

**IVER JOHNSON'S ARMS, INC.,**
**Defendant.**

**No. CV–79–62–M.**

United States District Court,
D. Montana,
Missoula Division.

Nov. 4, 1980.

William A. Rossbach, Morrison, Jonkel, Kemmis & Rossback, Missoula, Mont., for plaintiff.

Sherman F. Lohn, Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

ORDER

WILLIAM D. MURRAY, Senior District Judge.

Plaintiff, Lloyd Stanton, brought this product liability action on August 20, 1979, to recover damages for personal injuries caused by the discharge of his revolver. Defendant, Iver Johnson's Arms, Inc., was served on December 7, 1979. Default was taken for failure to answer on January 14, 1980. At the request of counsel for the defendant, plaintiff's counsel stipulated to setting aside the default on February 14, 1980.

After the defendant answered, the court, on March 10, 1980, issued its preliminary pre–trial order setting forth deadlines for discovery. Pursuant to that order, on May 14, 1980, the plaintiff submitted interrogatories to the defendant. The defendant did not answer them, moving instead for a protective order. The plaintiff then moved for an order compelling discovery under Rule 37(a).

On August 13, 1980, this court denied defendant's motion for protective order,

granted plaintiff's motion to compel discovery and ordered the defendant to supply answers to the interrogatories within 20 days. More than 70 days passed and the defendant made no response. Because of defendant's utter failure to respond and its disregard of this court's order, plaintiff now moves for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure.

Rule 37(b) of the Federal Rules of Civil Procedure empowers district courts with broad discretion to impose sanctions upon recalcitrant parties. For failure to obey a court order compelling discovery under Rule 37(a), the Rule expressly authorizes courts to issue:

> (A) An order that the matters regarding which the Order was made or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the Order;

> .    .    .    .    .

> (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> .    .    .    .    .

The sanctions provided for in Rule 37(b) must be available to this court to penalize those parties who deliberately disregard orders of this court and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Clubs, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976).

In this case the court must impose severe sanctions on the defendant Iver Johnson's Arms, Inc. As set forth above, defendants initially failed to appear and default was taken. That default was set aside pursuant to agreement between plaintiff's counsel and defendant's local counsel. Defendant then resisted legitimate discovery requests until the court, on August 13, 1980, entered an order that defendant respond by September 2. No response was made until October 23, the day set for hearing on plaintiff's motion for sanctions. On that day defendant, by its New York counsel, tendered answers to plaintiff's interrogatories. Those answers could not be filed by the Clerk of the court as they were not in the proper form. The late tender of answers to interrogatories, particularly in light of their inadequacy, can in no way excuse defendant's contemptuous refusal to comply in a timely fashion with an order of this court.

One further aspect of this action justifies the court imposing sanctions. The court does not believe that less severe sanctions would serve to compel defendant to act responsibly. This belief is based in part upon the experiences by two exceptionally able attorneys hired as local counsel for defendant. Mr. Sam Haddon was local counsel originally and was permitted to withdraw. Mr. Haddon explained that he was not receiving the cooperation from defendant he felt was necessary. The court believes that Mr. Haddon would not even request leave to withdraw except under extraordinary circumstances.

Following Mr. Haddon's withdrawal, Mr. Sherman Lohn was retained as local counsel. Mr. Lohn entered an appearance September 18, 1980. He appeared at the hearing on plaintiff's motion for sanctions. He could in no way justify defendant's recalcitrant conduct since he was not allowed access to any of its files. In addition, Mr. Lohn had also petitioned the court for leave to withdraw as counsel. The court could not, of course, allow him to withdraw while this motion was pending, but will allow him to do so at some future date.

Both Mr. Haddon and Mr. Lohn are exceptionally able attorneys. For both of them to seek to withdraw from the defense of this action is a telling indication of defendant's uncooperative, contemptuous conduct. No blame may be placed on either Mr. Haddon or Mr. Lohn. Rather, defendant has chosen its course of conduct and must suffer the consequences.

Plaintiff has requested severe sanctions, asking that the court:

1) Hold defendant in contempt and fine it a sum to be determined by the court.

2) Enter an order under Rule 37(b) designating that certain facts supporting plaintiff's claim for liability be taken as established for the purpose of this action.

3) Enter an order under Rule 37(b) designating that those facts supporting plaintiff's claim for punitive damages be taken as established for purposes of this action.

4) Award plaintiff attorneys' fees incurred in pursuing this motion.

The court has the power to impose any of the above sanctions. The court retains its contempt powers at all times. Rule 37(b)(2)(D). F.R.Civ.P. Second, Rule 37(b)(2)(A) gives this court the power to establish any of the facts plaintiff has requested be established. As stated by Prof. Moore, 4A *Moore's Federal Practice*, ¶ 37.-03[.2–3], " . . . . the sanction provided for under Rule 37(b)(2)(A) is a less drastic one than striking the pleadings or dismissing the case or entering judgment by default under Rule 37(b)(2)(C)." Several courts have entered orders establishing certain facts material to the complaint.[1] The sanction is well established.[2] Finally, the court has the power to award plaintiff his expenses incurred in bringing his motion. Rule 37(b)(2)(E). In this case there is nothing to justify the defendant's failure to comply with this court's order, and no reason why an award of expenses would be unjust. Plaintiff's counsel states in his affidavit that he expended six hours on behalf of plaintiff in bringing this motion. The court establishes $30 an hour as a reasonable hourly rate, and will award expenses in the amount of $180.00.

While the court has the power to impose all of the sanctions requested by plaintiff, the court will not at this time hold defendant in contempt nor will it establish those facts supporting plaintiff's claim for puni-

tive damages. The other sanctions requested are necessary and fully justified.

For all of the above reasons,

IT IS ORDERED and this does order that:

For the purposes of this action, the following facts are deemed to be established:

a) That the defendant, Iver Johnson's Arms, Inc., is a corporation engaged in the manufacture of firearms, some of which were sold in Montana for distribution to the general public, and while so engaged the defendant manufactured and sold a certain .357 Magnum Cattleman's Model, Single–action revolver, Serial No. 33336, to a retailer, who, in turn, sold the firearm to Robina Briggle, who, in turn, gave the firearm to the plaintiff as a gift;

b) That the defendant expected the firearm so manufactured and so sold to reach consumers or users in the condition in which it was sold and the firearm did, in fact, reach the plaintiff as a user in the condition in which it was sold;

c) That at the time of the sale of the revolver, the revolver was in a defective condition, unreasonably dangerous to the user or consumer; and

d) That the defective condition of the revolver was the direct and proximate cause of the revolver discharging while in its holster and severely and permanently injuring the plaintiff.

IT IS FURTHER ORDERED that defendant, Iver Johnson's Arms, Inc., pay Lloyd Stanton his attorneys' fees incurred in pursuing this action in the amount of $180.00.

---

1. See, *International Union UAW, et al., v. National Right to Work Foundation, et al.*, 433 F.Supp. 474 (D.D.C.1977); *Black v. Sheraton Corp.*, 371 F.Supp. 97 (D.D.C.1974); *English v. 21st Phoenix Corp.*, 590 F.2d 723 (8th Cir. 1979); *Center on Corporate Responsibility v. Shultz*, 368 F.Supp. 863 (D.D.C.1973).

2. See, generally, 4A *Moore's Federal Practice*, ¶ 37.03[.2–3]; *Wright & Miller, Federal Practice and Procedure*, Civil § 2289.