Philip C. BATTRYN

v.

INDIAN OIL CO., INC., et al.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1984.

Decided March 5, 1984.

Jackson & Pallas, Perry H. Clark (orally), Westbrook, for plaintiff.

Verrill & Dana, William C. Knowles (orally), Charles Kadish, Portland, for defendants.

Before McKUSICK, C.J., ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ., and DUFRESNE, A.R.J.

McKUSICK, Chief Justice.

For the parties themselves, this lawsuit ended when plaintiff voluntarily dismissed his action in the Superior Court (Cumberland County) prior to the parties' completion of discovery. Before that dismissal, however, the Superior Court had ordered plaintiff's counsel to pay $500 to defendant's counsel as a sanction under M.R.Civ.P. 37(b), in view of plaintiff's failure to respond to interrogatories either within the time prescribed by M.R.Civ.P. 33 or before the later deadline specifically set by the Superior Court. Plaintiff's counsel has taken a timely appeal to this court.[1] Since we find no abuse of discretion in the Superior Court's action, we affirm its sanction order.

The underlying action was filed on December 18, 1979, by Philip Battryn, an accountant, against Indian Oil Co., Inc., seeking money damages for services allegedly rendered to Indian Oil. On September 1, 1982, Indian Oil served on Battryn a set of

1. Defendant's counsel, appellee in this case, has moved to dismiss the appeal for lack of a final judgment. At the end of his oral argument and in response to a question from the bench, appellee withdrew the motion. Once the Superior Court denied the motion for reconsideration there was no possible lack of finality, for at that time there was outstanding an unqualified order against plaintiff's counsel to pay a sum of money to defendant's counsel, and all other claims in the case had been dismissed or otherwise disposed of. *See Gilpatrick v. Glidden,* 82 Me. 201, 203, 19 A. 166, 167 (1889) (a final judgment exists when the trial court "fully decides and disposes of the whole case leaving no further questions for the future consideration and judgment of the court").

eight interrogatories and a request for production of documents identified in answers to the interrogatories. Having received no response from Battryn, on December 8, 1982, Indian Oil filed a motion to compel answers to the interrogatories. On January 14, 1983, Battryn filed a motion for extension of time and also a motion for a protective order based solely on the ground that the interrogatories were not reasonably calculated to lead to the discovery of admissible evidence. On February 23, 1983, a Superior Court justice held a hearing on Indian Oil's motion to compel and Battryn's motion for a protective order. An order dated the next day denied Battryn's motion for a protective order and directed Battryn to answer Indian Oil's interrogatories and produce the requested documents by March 15, 1983.

Battryn did not at any time comply with that discovery order, and on March 23, 1983, Indian Oil filed a motion seeking sanctions pursuant to M.R.Civ.P. 37(b)(2), including attorney's fees incurred in bringing both that motion and the preceding motion to compel. On May 5, 1983, Battryn filed an objection to the interrogatories, asserting for the first time his privilege against self-incrimination.

On May 12, 1983, a different Superior Court justice held a hearing on the motion for sanctions. The next day the Superior Court granted the motion for sanctions, ordering Battryn's counsel to pay $500 as "costs" to Indian Oil's counsel. The Superior Court also ordered Battryn to answer the interrogatories within 15 days.

On May 23, 1983, prior to the expiration of the 15-day period for answering the interrogatories, Battryn voluntarily dismissed his action pursuant to M.R.Civ.P. 41(a)(1). On that same day, Battryn's counsel also filed a motion under M.R.Civ.P. 59(e) for reconsideration of the sanction imposed upon him. The Superior Court denied the motion for reconsideration on July 19, 1983.

On August 8, 1983, plaintiff's counsel appealed to this court.

■ Virtually identical to the correspondingly numbered federal rule, see Ireland v. Galen, 401 A.2d 1002, 1004 (Me. 1979), M.R.Civ.P. 37 contains a variety of sanctions that the trial court may impose upon parties and their attorneys for discovery violations, whether committed by those requesting or those responding to discovery. The major revision of our civil discovery rules that became effective in 1970, including strengthening of Rule 37 sanctions, was "designed to encourage extrajudicial discovery with a minimum of court intervention." Advisory Committee's Note (Oct. 1, 1970) to M.R.Civ.P. 26, Field, McKusick & Wroth, *Maine Civil Practice* 201, 203 (Supp.1981) (quoting introductory statement of federal Advisory Committee on Civil Rules, 48 F.R.D. 487–89 (1970)). Good faith conduct by litigants during discovery, without involving the courts in the process, will speed up litigation, reduce costs to both parties, and avoid unnecessary demands on court resources. *See Addington v. Mid-American Lines*, 77 F.R.D. 750, 751 (W.D.Mo.1978); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2288, at 788–89 (1970). When unjustified noncompliance with the extrajudicial provisions of the discovery rules forces the party seeking discovery to go to court, the Rule 37 sanctions are available "to remedy the effect of the noncompliance by compensating the innocent party" and to "serve as a deterrent to similar conduct by the same offender or others." *Reeves v. Travelers Insurance Co.*, 421 A.2d 47, 50 (Me.1980).

■ Rule 37(a), dealing with motions for orders compelling discovery, mandates the assessment of expenses, including attorney's fees, against the losing party on such a motion or his attorney, unless the losing party can establish that his position "was substantially justified or that other circumstances make an award of expenses unjust."[2] As noted by the Advisory Commit-

2. M.R.Civ.P. 37(a)(4) reads in full as follows:

(4) *Award of Expenses of Motion.* If the motion is granted, the court *shall,* after op-

tee's Note to the 1970 amendment of Rule 37 shifting the burden of justification to the losing party, "expenses should *ordinarily* be awarded" against the losing party on a motion to compel discovery. (Emphasis added) Field, McKusick & Wroth, *Maine Civil Practice,* 268, 269 (1981 Supp.). In exactly the same way, Rule 37(b), dealing with failure to comply with a discovery order of court, mandates in every case of noncompliance that

> the court *shall* require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added) In addition, because of the seriousness with which courts look upon noncompliance with their orders, Rule 37(b) gives the trial court broad discretion to impose such further, more severe sanctions as are just, including even dismissal of the action as a sanction against an offending plaintiff or rendition of a default judgment for the plaintiff against an offending defendant.

Trial judges are not merely authorized to impose sanctions for discovery violations; Rule 37 by its letter and spirit requires them to take such action in appropriate circumstances, in order "to promote fair and efficient litigation, both in the pending case and in the court system generally."

portunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court *shall,* after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion

*Reeves v. Travelers Insurance Co.,* 421 A.2d at 50. All parties, as well as their attorneys, whether making or receiving discovery requests, must keep in mind the sanctions that Rule 37 requires the courts to impose on the losing parties in the absence of their showing substantial justification.

■ The Law Court reviews the Superior Court's imposition of discovery sanctions for abuse of discretion; "[a]n appellate court will not lightly overrule a trial court's judgmental choice of an appropriate sanction ...." *Id.* When this court surveys the defaults for which the Superior Court imposed the sanction of $500 upon appellant in this case, his appeal seems to approach the frivolous. M.R.Civ.P. 33(a) required Battryn to file answers or objections to Indian Oil's interrogatories within 30 days after he was served with them on September 1, 1982. However, he did nothing to respond,[3] so that Indian Oil had to file, on December 8, 1982, a motion to compel Battryn to answer. Even then, Battryn did nothing until 37 days later when he filed a motion for a protective order and an extension of time to answer. In practical effect he did enjoy an extension of time because the Superior Court did not get to hear the opposing motions until February 23, 1983. At that time the court disposed of all pending motions by ordering Battryn to answer the interrogatories by March 15, 1983.

Now faced with a direct order of the court, Battryn still did nothing. Waiting

was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

(Emphasis added)

3. We recognize that until October 26, 1982, Battryn's counsel may have had some basis for believing Indian Oil might abandon the defense to which the interrogatories related. At the least, the time period of M.R.Civ.P. 33 commenced to run for practical purposes not later than October 26, 1982.

more than a week after the court's deadline for Battryn to answer had come and gone, Indian Oil on March 23, 1983, filed a motion for sanctions. Again Battryn did nothing, until finally on May 5, 1983, more than eight months after service of the interrogatories upon him and 70 days after the Superior Court had ordered him to answer, Battryn through his attorney objected to the interrogatories on the ground that his answers "might tend to incriminate him in violation of his rights under the Fifth Amendment." Battryn had never before asserted the privilege against self-incrimination, his earlier motion for a protective order having been based solely upon a relevance objection. The Superior Court after hearing overruled Battryn's objection to the interrogatories by ordering him to answer by May 27, 1983.[4] At the same time the court ordered Battryn's counsel to pay $500 to Indian Oil's counsel as sanctions under Rule 37(b)(2).

Appellant first argues that his client's privilege against self-incrimination relieved him of any obligation to respond to the interrogatories within the time fixed by Rule 33 or by the Superior Court's order. Therefore, the argument goes, the failure to obey the court's order was "substantially justified" within the meaning of the last sentence of M.R.Civ.P. 37(b)(2).

█ This argument confuses the difference between the obligation to respond to interrogatories and the obligation, if any, to provide the information requested by the interrogatories. Appellant correctly argues that the privilege against self-incrimination justifies a refusal to provide the information requested. *See Huot v. Gendron,* 284 A.2d 899 (Me.1971). However, counsel's belief that the requested information is privileged does not relieve him or his client of the duty to respond to the interrogatories, albeit by filing an objection to the questions. M.R.Civ.P. 33(a) makes clear that a

party must "serve a copy of the answers, *and objections* if any, within 30 days after the service of the interrogatories." (Emphasis added) *See also* M.R.Civ.P. 34(b) (requests for document production and entry upon land for inspection). Objections must be made when discovery is sought; it is no defense to a failure to respond to discovery requests to contend belatedly that the material sought was privileged. *See Fautek v. Montgomery Ward & Co.,* 96 F.R.D. 141, 146 n. 7 (N.D.Ill.1982); *Kozlowski v. Sears, Roebuck & Co.,* 71 F.R.D. 594, 597 (D.Mass.1976); *United States v. Reserve Mining Co.,* 412 F.Supp. 705, 711 (D.Minn.), *aff'd,* 543 F.2d 1210 (8th Cir. 1976); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 50 F.R.D. 13, 17 (E.D.Pa.1970), *aff'd,* 438 F.2d 1187 (3d Cir.1971); *Sneider v. English,* 129 Ga.App. 638, 641, 200 S.E.2d 469, 471 (1973). Even where documents eventually are produced, a court may impose sanctions due to a party's failure to comply with the discovery order in timely fashion. *See Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370, 1374 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

By withholding his objections, Battryn's trial counsel precluded the court from promptly evaluating the claim of privilege. He also kept Indian Oil in the dark as to the status of, and Battryn's position on, the discovery question. Only by his making a timely objection could the fifth amendment question be resolved so that the litigation could go forward with reasonable expedition. At oral argument, appellant's counsel conceded that appellant as Battryn's trial counsel was well aware of the self-incrimination issue; he apparently withheld this objection for strategic reasons. Such a stratagem violates the discovery rules and must not be countenanced by the courts.

█ There was no abuse of discretion in the Superior Court's imposition of

---

4. It may be significant that Battryn took a voluntary dismissal of his action rather than appealing, or seeking a report of, the Superior Court's overruling of his fifth amendment objection. *Cf. Collett v. Bither,* 262 A.2d 353 (Me.1970) (Rule 72(c) report of ruling on fifth amendment objection to interrogatories).

costs on Battryn's attorney instead of on Battryn himself. Rule 37 expressly allows the court to impose discovery sanctions upon the delinquent party's attorney, either alone or jointly with the party. *See* M.R. Civ.P. 37(a)(4), 37(b)(2) (last par.), 37(d). Additionally, the power to sanction attorneys, as officers of the court, is an inherent part of the court's authority to regulate the conduct of proceedings before it. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–65, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). That power can be an important tool for securing compliance with orders of the court. *See* Note, *Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process,* 44 U.Chi.L.Rev. 619, 629 (1977). In contrast to a case in which the client refuses or fails to release information, this case appears to involve choices made by trial counsel regarding compliance with discovery orders. The evaluation of a claim of privilege, the strategic decision whether to assert the privilege, and the interpretation of the time requirements of the discovery rules and of a court order are largely entrusted to the judgment of counsel. Where that judgment results in an unjustified noncompliance with those requirements, the trial court may appropriately impose the mandated sanctions on counsel.

Appellant's second argument is that under Rule 37(b)(2) the Superior Court justice did not have the authority to fix the amount of the sanction to include attorney's fees incurred by defendant Indian Oil in obtaining the order of February 24, 1983. In addition to the five specifically enumerated sanctions, Rule 37(b)(2) contains in its last paragraph a provision for the assessment of "reasonable expenses, including attorney's fees, caused by the failure" to comply with the discovery order. Appellant correctly recognizes that this assessment would by its strict terms not include expenses involved in obtaining the discovery order in the first place. The Superior Court was not limited, however, to the sanctions specifically identified in Rule 37(b)(2). At the outset, M.R.Civ.P. 37(b)(2) itself broadly

allows the court to "make such orders in regard to the failure ["to obey an order to permit or provide discovery"] as are just." That "catchall" encompasses more than the sanctions that are specifically identified later in Rule 37(b)(2). *See Stanton v. Iver Johnson's Arms, Inc.,* 88 F.R.D. 290 (D.Mont.1980); *R. DeBouard & Cie v. S.S. Ionic Coast,* 46 F.R.D. 1 (S.D.Tex.1969). In addition, the Superior Court justice had the full reservoir of power under M.R.Civ.P. 37(a)(4) to order appellant to pay defendant's counsel fees involved in obtaining the discovery order in the first place. The Rule 37(a)(4) power is exercisable by the judge on his own initiative, provided the parties and their counsel are given (as they here were) opportunity to be heard. *See also* M.R.Civ.P. 37(d).

Here, there was no abuse of discretion in imposing sanctions to cover Indian Oil's expenses of obtaining the discovery order in addition to the expenses incurred in prosecuting the motion for sanctions. Battryn's counsel's decision not to respond in any way to the interrogatories forced Indian Oil to bear the expense of seeking an order compelling discovery just as much as it caused Indian Oil thereafter also to move for sanctions. In *Ohio v. Arthur Andersen & Co.,* 570 F.2d at 1376, the court upheld an award of costs incurred to obtain and defend appeals of a discovery order, along with costs incurred subsequent to the order that had not been complied with. As is equally the case here, the party seeking discovery had to go to considerable lengths to obtain a discovery order, necessitated solely by the other party's unjustified obstinacy. *Id.* Under such circumstances, the Superior Court committed no abuse of discretion in concluding that it was just for the attorney who had counseled Battryn's intransigent conduct to compensate Indian Oil's counsel for reasonable expenses incurred throughout the period of noncompliance with the discovery rules.

The entry is:

Superior Court's order that plaintiff's counsel pay the sum of $500 to defendant's counsel affirmed.

All concurring.